ADOLPH KROLIK ET AL. v. CHAS. S. BULKLEY, ELLA M. BULKLEY, CHAS. ROOT AND WM. H. STRONG.

*Creditor's bill—Accounting—Jurisdiction as to lands.*

1. A judgment creditor's bill alleging the issue of execution and its return unsatisfied and the disposal of a large part of defendants' goods, may properly call for an accounting for the money received therefor, and is maintainable, *it seems,* though it asks that encumbrances be set aside without establishing the existence of a lien on the property.

2. A bill in aid of execution cannot affect lands in other counties than that in which it is filed. How. Stat. § 6612.

3. The dismissal of a judgment creditor's bill may be without prejudice where the sole ground of dismissal is that lands sought to be reached by it were beyond the jurisdiction of the court.

Appeal from Wayne. (Jennison, J.) Oct. 29.— Nov. 4.

CREDITOR's bill. Defendants appeal. Reversed.

*Griffin & Warner* for complainants.

*Meddaugh, Driggs & Harmon* for defendants.

CHAMPLIN, J. Defendants Ella M. Bulkley, Charles Root and William H. Strong appealed from a decretal order over-

ruling a general demurrer interposed by them to complainants' bill of complaint, which was filed in January, 1885. The bill alleges that in April, 1884, judgments were rendered in the circuit court for the county of Clinton, against Charles S. Bulkley in favor of complainants amounting in the aggregate to $1314.16; that on the 21st day of May, executions were issued on these judgments, and that, on the 19th day of July, the sheriff returned on these executions that the said Bulkley had no goods or chattels, lands, tenements, real estate or chattels real in said Clinton county, whereof he could cause to be made the damages or costs mentioned in the writs, or any part thereof.

The bill further alleges that these several judgments remain unpaid and in full force, and that the said Bulkley has equitable interests, things in action, money, debts due him, etc., which cannot be reached by execution.

The allegations of the bill up to this point, are those of a judgment creditor's bill against Chas. S. Bulkley, and are in usual form.

The bill further alleges that on the 7th day of March, 1883, said Chas. S. Bulkley, gave to Chas. Root & Co. a chattel mortgage on his entire stock in trade (he being a general country merchant), in Ovid, Clinton County, for the sum of $4025, subject to a prior chattel mortgage for $1500; that this mortgage to Chas. Root & Co., was not filed until August 3d thereafter, and that in the meantime, complainants became creditors of Bulkley, without knowledge of any mortgage or debt to Chas. Root & Co., and upon the faith that said stock was unincumbered, and without knowledge that Bulkley was in failing or embarrassed circumstances, and that Chas. Root & Co. purposely withheld said mortgage from record, for the purpose of concealing the actual financial condition of said Bulkley and permitting him to maintain a fictitious financial standing before the public generally and the complainants in particular.

The bill further alleges that on the 8th day of August, 1883, said Bulkley gave to Chas. Root & Co.. another mortgage on said stock of goods, for $6630.90 which sum was

made up of the amount of the first mortgage to Chas. Root & Co., and a lien by way of attachment and chattel mortgage to De Camp, Upton & Co., of Ovid, for about $2700, which Chas. Root & Co. were required to take up and pay to protect their mortgage interest; that the only consideration of the second mortgage was the $2700 aforesaid and the indebtedness secured by the first mortgage; that the two mortgages were allowed to remain on file as a false cover of the goods; that sometime subsequent to the mortgage of August 8th, but at what date complainants are unable to state, Root & Co. took possession of the property covered by the mortgage, under and by virtue of the mortgage, and by virtue of some further or other arrangement between said Bulkley and Root & Co., the character of which complainants are unable to state, and have since continued in possession by and through themselves, or Chas. S. and Ella M. Bulkley, or one of them; and have sold the property, or a large part thereof, and have applied the proceeds on the mortgage indebtedness hereinbefore specified; that said Root & Co. still have possession of the property, or such as has not been sold, and claim the right to continue in possession, and sell; and that such claim on the part of Root & Co. hinders, delays and obstructs complainants in the collection of their demand.

That to further secure the said indebtedness of $6630.90, Chas. S. Bulkley and Ella M. Bulkley, his wife, gave a real estate mortgage or mortgages to Chas. Root & Co., upon the store then occupied by said Bulkley and wife in Ovid, and also upon the house and lot they occupied. With respect to this store it is alleged that although standing in the name of Ella M. Bulkley, it was bought and paid for out of the proceeds of her husband's business, and from money which should have been applied to the payment of his debts, and that by withdrawal of the funds from the business and the investment in said store, the mercantile indebtedness was largely incurred, and the said Bulkley thereby became embarrassed and unable to pay his debts, and that the title to said store is held in fraud of creditors; that said Bulkley and wife

have resided and carried on the business of a general country merchant at Ovid, for several years past; that said Ella M. subsequently became invested with the title and apparent ownership of said store,—a description of which complainants are unable to give; that it is of the value of about $5000, and was paid for out of the proceeds of the store; that she paid no consideration therefor, and that a trust therein results in favor of creditors.

The bill prays that the mortgages to Chas. Root & Co. be set aside, and that they may be required to account for all money received thereon, or that the court declare what priority upon the stock of goods they are entitled to, and if entitled to any, and any part of said mortgages are valid and binding and have priority over the claims of complainants, that Chas. Root & Co. be required to account to them for the amounts due to them; that if the store property be decreed to be held in trust for creditors, that the mortgage to Chas. Root & Co. thereon be deferred to complainants' claims, or that said Chas. Root & Co. be required to first resort to any mortgage they may have upon such store property or otherwise; that Chas. Root & Co. be decreed to pay to complainants such sums as they may have received on said mortgages and which may be equitably due complainants, and that as against Ella M. Bulkley the store property be decreed to be held in fraud of complainants, and a trust therein in their favor be decreed, and that she be decreed to pay complainants the entire sums of money or indebtedness which may be found to exist from her to said Chas. S. Bulkley, or held by her for his use and benefit. In support of the demurrer the defendants urge that the complainants cannot attack these incumbrances without first obtaining a lien upon the property. That while equity has jurisdiction of frauds, it does not collect debts. That the stock of goods in question was and is subject to levy; and without a levy equity will not interfere. But the bill shows the issue and return of the executions unsatisfied, and it further shows that a large part of the goods have been sold and disposed of, and as to these the complainants under the statements contained in

their bill have the right to a decree requiring the defendants to account.

The statute requires all actions of a local nature to be brought in the county where the cause of action arises. Bills in equity which affect interests in real estate are required to be filed in the county where the lands or some portion of them are situated. How. Stat. § 6612. The bill in this case seeks to affect the interests of Mrs. Bulkley in lands located in Clinton county. As to such lands, the circuit court for the county of Wayne has no jurisdiction.

The demurrer on behalf of the defendant Ella M. Bulkley will be sustained, and the bill of complaint dismissed as to her without prejudice with costs. As to the other defendants it is sufficient at this time to say that the bill, which the demurrer admits · to be true, states a case which would entitle the complainant to some relief, and is not therefore devoid of equity.

The demurrer for want of equity as to these defendants was rightly overruled by the court below, and the decree entered there is affirmed as to the defendants Charles Root and William H. Strong, with costs. Leave is granted them to answer if they desire to do so in twenty days after notice to their solicitors that the record is remanded to the court below. Let a decree be entered accordingly and the record remanded for further proceedings.

The other Justices concurred.