JULIUS W. CHAPIN ET AL. v. PETER F. DODDS, PRESIDING JUDGE OF THE MONTCALM CIRCUIT COURT.

*Fraudulent conveyances—Bill by assignee of insolvent debtor— Venue.*

1. Under How. Stat. § 6612, which provides that every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated if the subject-matter is local, a bill by the assignee of an insolvent debtor to set aside as fraudulent certain conveyances of lands made by the assignor must be filed in the county where the lands, or some portion thereof, are situated.

2. It was not intended by 3 How. Stat. § 8749, which provides that the circuit court in chancery in the proper county shall have supervisory power of all matters, questions, and disputes arising under an assignment for the benefit of creditors, to repeal How. Stat. § 6612, or to divest other circuit courts of equitable jurisdiction when the subject-matter is local.

*Mandamus.* Argued January 29, 1895. Granted February 26, 1895.

Relators applied for *mandamus* to compel respondent to set aside an order overruling a plea to the jurisdiction of the court. The facts are stated in the opinion.

*W. O. Webster* and *F. A. Miller,* for relators.

*Thomas F. McGarry,* for respondent.

McGrath, C. J.  Clarence W. Chapin and Merrick W. Chapin, copartners as C. W. Chapin & Co., doing business at Stanton, Montcalm county, assigned to one Gorham.  Afterwards Gorham, as such assignee, filed a bill in the circuit court for the county of Montcalm, in chancery, against relators, residents of Ingham county, to set aside as fraudulent certain conveyances of land in Ingham county, made by the assignors in March, 1893, to relator Julius W. Chapin.  Relators afterwards filed a plea setting forth that the circuit court for the county of Montcalm, in chancery, was without jurisdiction to hear and determine said matter, which, coming on to be heard, was overruled.  This is an application to compel the circuit judge to set aside the order overruling said plea, and to dismiss the bill.

The writ must be granted.  The statute provides that every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local.  How. Stat. § 6612.  It has frequently been held that under this statute bills in equity affecting interests in real estate must be filed in the county where the lands, or some portion of them, are situated.  *Godfrey v. White*, 43 Mich. 171; *Krolik v. Bulkley*, 58 Id. 411; *Rankin v. Rothschild*, 78 Id. 10.

It clearly was not intended by 3 How. Stat. § 8749, to repeal the foregoing section, or to divest other circuit courts of jurisdiction in chancery when the subject-matter is local.  In *Edwards v. Symons*, 65 Mich. 348, it was expressly held that this statute does not vest exclusive jurisdiction in that court to try and determine the claims of third persons to property in the hands of the assignee; that such court may dispose of such claims where the parties are willing and voluntarily subject themselves to its jurisdiction; but that the right to bring an action against the assignee for prop-

erty wrongfully taken or converted must exist and remain in the law court, where a jury can be impaneled, if desired, to determine the merits of the controversy.

In *Kittridge v. Circuit Judge*, 80 Mich. 200, it was held that the proceeding was subject to transfer to another circuit, under How. Stat. §§ 6495–6502.

In *Southern Mich. Nat'l Bank v. Byles*, 67 Mich. 296, the question involved was the order of distribution by the assignees.

In *Smith v. Circuit Judge*, 84 Mich. 564, and in *Re Smith's Appeal*, 86 Id. 149, the court had ordered a sale of certain of the assigned property, and Smith had filed a bill elsewhere attacking the assignment. In the last two cases this Court held that the matters were exclusively within the supervision of the court obtaining jurisdiction of the assignment proceeding. The same would be true in any case, without reference to the particular statute, where a receiver had been appointed.

The *mandamus* will issue as prayed.

The other Justices concurred.