FINGLETON *v.* KENT CIRCUIT JUDGE.

1. PROBATE COURTS—JURISDICTION—EQUITY.
   Under 2 How. Stat. § 6760, providing that the judge of probate shall have jurisdiction of all matters relating to the settlement of the estates of deceased persons, the probate court has authority to determine whether a promissory note given by an executor to a legatee was accepted by the latter in payment of her legacy, upon a petition by the legatee to require the executor to account for her interest in the estate, even though the circumstances of the case are such that equity would also have jurisdiction of the controversy.

2. SAME—APPEAL.
   An order denying such petition is appealable, under 2 How. Stat. § 6779, giving a right of appeal to any person aggrieved by any order, sentence, decree, or denial of a judge of probate.

*Mandamus* by Maryette Fingleton to compel William E. Grove, circuit judge of Kent county, to vacate an order dismissing an appeal from probate court. Submitted January 25, 1898. Writ granted March 15, 1898.

*McKnight & McAllister*, for relator

*E. J. Doyle*, for respondent.

MOORE, J. The relator filed a petition in probate court stating, in substance, that her aunt, Margaret Fingleton, had died, leaving a will by which the relator was entitled to the larger share of her estate, and that the estate amounted to about $1,000. The petition stated that Bernard Fingleton was appointed executor of the will, filed his bond, took possession of the property, and converted it to his own use; that he had never filed any inventory of the property, and had never paid the petitioner; and asking that he be required to file an inventory and to proceed in carrying out the trust. Later she filed an amended petition, setting up, in addition to the facts stated in the original petition, that said Bernard Fingleton perpetrated a fraud upon her by representing that she was not the legal heir of Margaret Fingleton, and was entitled to nothing under the will, but that he was willing to give her part of the estate when it was settled, and that it would be fully three years before anything could be realized out of the estate, and that he would give her a note, showing the amount she had in the estate, and that it should be paid when the estate was probated; that he did give her a note for $663.87; and that she believes he now claims it was payment for the amount, but that the petitioner did not receive it as payment. The petition also states that Mr. Fingleton represented that he was solvent when he gave the note, but that he was not solvent, and is converting the property willed to the petitioner to his own use; that petitioner has never been paid her legacy, and did not receive the note as payment, and that the note is worthless; and charging fraud on the part of the executor.

The executor was cited to appear before the court, and did appear. He admitted the making of the will, and that petitioner was a legatee; denied any fraud; admitted the amount due the legatee; and stated that he gave the note mentioned in payment thereof, and that it was received as payment, and is not yet due; that he was solvent when he gave the note, and is yet solvent. A hearing was had before the probate judge, who found that a settlement had been made between the petitioner and executor, and that the note was given and accepted as payment of said legacy, and that the probate court did not have jurisdiction to set aside said settlement. The probate court dismissed the petition. From this action relator took an appeal to the circuit court in due form. The trial of the case was commenced in the circuit court, and a jury sworn, when, upon motion, the circuit judge dismissed the appeal, upon the ground that the question of the giving of the note as payment and settlement, and the allegations of fraud and deceit, must be determined in equity. This is a proceeding to vacate the order dismissing the appeal.

Was the order an appealable one? The will had been probated. The executor had entered upon the trust. There was no dispute about the amount due the petitioner. If the legacy had not been paid, the legatee had a right to ask that the executor be required to administer the estate; but, if the legatee had been paid in full, she had no further interest in the estate, and her petition would be properly dismissed. No account of the executor had been made to the court of his administration of the estate. A legatee insisted that she was entitled to a share of the estate, and had not been paid. The executor insisted that she had been paid. 2 How. Stat. § 6760, provides: "The judge of probate shall have jurisdiction of all matter relating to the settlement of the estates of such deceased persons," etc.; and it has been repeatedly held that probate courts are not courts of inferior jurisdiction, but have general jurisdiction in testamentary and other probate matters. *People* v. *Wayne Circuit Court*, 11 Mich. 393; *Church*

v. *Holcomb*, 45 Mich. 29; *Schlee* v. *Darrow's Estate*, 65 Mich. 373. What the relator was asking was for a settlement for her interest in this estate by requiring the executor to account to her for the legacy given by the will, and we think the court had jurisdiction to require this. We are not indicating that equity would not also have had jurisdiction, if the proceeding had been commenced there. 2 How. Stat. § 6779, provides in what cases appeals may be allowed. In *Grady* v. *Hughes*, 64 Mich. 540, it was held that an appeal from an order made upon accounting by an administrator was allowable under the statute. In this case the appeal was properly taken, and should be reinstated.

The writ will issue as prayed.

The other Justices concurred.