RICHARD v. BOYD.

JURISDICTION—REAL PROPERTY — FORECLOSURE OF LIEN — LOCAL ACTIONS.

Where defendant's interest in certain lands in New York, owned by several persons in common, was evidenced by a receipt for moneys paid by him on the purchase price, which receipt he assigned to complainant as security, a suit to enforce the security is, in effect, an attempt to foreclose a lien on the lands, which, under the laws of New York and Michigan, is local in its nature, and can only be maintained where the lands are situated.

Appeal from Jackson; Peck, J. Submitted April 5, 1900. Decided June 5, 1900.

Bill by William A. Richard against James A. Boyd to foreclose a lien. From an order overruling a demurrer to the bill, defendant appeals. Reversed.

*Parkinson & Campbell,* for complainant.

*Fred B. Wood* and *Thomas E. Barkworth,* for defendant.

LONG, J.  This is an appeal from an order of the court below overruling a demurrer.  It appears by the bill that complainant's father entered into an agreement with defendant for the purchase of a tract of land in Lewis county, State of New York, towards which purchase defendant furnished $5,000 in money; receiving as the evidence of the transaction a receipt from the father of complainant, as follows:

"Received of James A. Boyd five thousand dollars ($5,000) in full for the purchase of 1,000 acres of timber land located in Lewis county, State of New York.  If I fail to get the land, the money to be returned to the said James A. Boyd. ·

"Jackson, Mich., June 9th, 1890.

                                             "HUGH RICHARD."

The purchase of land as contemplated was made by Mr. Richard in connection with complainant and another person; Mr. Richard, Sr., taking a one-fourth interest in the 20,000 acres of land in said Lewis county.  After the purchase, defendant was informed thereof, and a mutual understanding existed between the parties that he owned or was entitled to an undivided one-twentieth interest in these lands.  Mr. Richard, Sr., died August 3, 1893, and his interest was devised to complainant and his two sisters. No change has been made with respect to the interest of defendant, and his claim to an undivided one-twentieth interest in said lands is distinctively affirmed by the bill, and the conveyance thereof in accordance with the understanding is tendered by the bill.  October 14, 1896, complainant loaned defendant $500, taking an ordinary promissory note therefor, payable in six months, with interest.  October 17th defendant obtained the signature of complainant as accommodation maker upon a note of $2,000, payable six months after date, with interest at 7

per cent., which note was subsequently purchased by complainant, and is still held by him, unpaid. The amount due thereon, together with the amount due upon the first promissory note before mentioned, was, at the date of filing the bill, $2,926.11. October 18th the receipt given by Hugh Richard, before set forth, was delivered to complainant, being indorsed by defendant as follows:

"For value received, I, James A. Boyd, of Tecumseh, Michigan, hereby sell, assign, set over, grant, and convey unto Wm. A. Richard, of Jackson, Michigan, all my right, title, and interest in and to the within receipt of Hugh Richard to me for five thousand dollars, together with all benefit and advantage to be derived therefrom in my favor.

"In witness whereof, I hereunto set my hand and seal this 18th day of October, 1896.

"JAMES A. BOYD.    [L. S.]"

As a part of the same transaction, the following paper was given by complainant to defendant:

"I, Wm. A. Richard, of Jackson, Michigan, hereby acknowledge that I have received from J. A. Boyd, of Tecumseh, Michigan, this day, an assignment from him to me of his right, title, and interest in and to the receipt of which the following is a copy:

"'Received of J. A. Boyd five thousand dollars in full for the purchase of 1,000 acres of timber land located in Lewis county, N. Y. If I fail to get the land, the money to be returned to J. A. Boyd.

"'Jackson, Michigan, June 9, 1890.

"'HUGH RICHARD.'

—"And that said assignment, although absolute and unconditional in form, is in truth and in fact delivered by him and received by me as a security for the purposes following:

"*First.* To secure the repayment by him to me of his note to me for $500 and interest on the terms stated in said note.

"*Second.* To secure the payment at the maturity thereof of one note for $2,000 made by said J. A. Boyd and myself to the Tecumseh State Savings Bank, of Tecumseh, which note is the proper debt of said J. A. Boyd, of Tecumseh,

Michigan,—the said Wm. A. Richard signing such note
as security in fact,—and that, upon payment of said two
notes in full by said J. A. Boyd as aforesaid, I hereby
covenant, promise, and agree to and with said J. A. Boyd
to assign said receipt, promptly and without delay, to said
J. A. Boyd.

"Witness my hand and seal this 18th day of October,
1896.

"WM. A. RICHARD."

The bill further avers that it was the understanding of
the parties that the defendant should pay and discharge
one-twentieth of all the taxes assessed upon the aforesaid
real estate described in said bill, but that defendant has
defaulted in this agreement, and complainant has been
compelled to advance certain sums for such purposes,
which he asks to have added to his lien upon said receipt
and agreement; and he therefore asks, because of the non-
payment of the amounts mentioned, for foreclosure of
such lien.

Defendant demurred to the bill of complainant upon the
ground that want of jurisdiction was apparent upon the
bill, that its real purpose was for the foreclosure of an
equitable mortgage upon land situated wholly outside the
State of Michigan, and that jurisdiction thereof was in
the courts of New York. The court overruled the de-
murrer, from which appeal is taken.

It is the claim of counsel for defendant that this bill is
filed for the foreclosure of a lien or an equitable mortgage
on an interest in lands lying outside the State; that it is a
proceeding *in rem*, and local, and that this court cannot
grant relief without determining the amount of complain-
ant's lien upon the land, and ordering a sale of the land for
its satisfaction; that the laws of New York, as well as
Michigan, make the action local, and forbid its trial save
in the county where the land lies. On the other hand, it
is the contention of counsel for complainant that all the
parties live in Michigan; that personal service was had
upon the defendant in this State, and, all the parties being
within the jurisdiction of the court, their rights can be

directly acted upon; that no lands are specifically described in the receipt, and no lands would be directly affected by a sale of the paper; that complainant's security is a lien upon this receipt or contract, which is the only subject of sale or transfer sought; and that the court is not required to deal directly with land, or with any interest in land, but with the right and title of defendant in and to this receipt or contract.

The prayer of the bill is that—

"The interest of the said defendant to said lands, and all his rights and interests by virtue of said receipt and agreement and the subsequent understandings of the parties, and their dealings in reference thereto, and their action in reliance thereon, including the payment of taxes with reference to such proportions, be adjudicated and decreed to be the right to have conveyance of an undivided one-twentieth part and parcel of the sum total of the said described tracts of land."

It is also prayed that, in default of the payment of the sums due the complainant, that the—

"Defendant, and all persons claiming or to claim from or under him, may be foreclosed and barred of and from all equity of redemption or claim of, in, or to said agreement and contract made and delivered to him by the said Hugh Richard."

It is then prayed that the receipt or contract be sold, and the proceeds applied to the payment of complainant's claim; that the decree may be in such form as shall be necessary to enable him to enforce his security for such indebtedness; and that he may become the purchaser of the agreement, and be fully subrogated to and vested with all the rights of defendant.

It is clear that the relief asked by the bill is the foreclosure of a lien or an equitable mortgage on an interest in lands lying outside the State. It sets up the ownership by the defendant of an equitable estate in common in these lands, the transfer thereof by defendant to complainant as security for moneys advanced, and asks that defendant be

foreclosed by the decree in this cause from his interest therein. This proceeding is one *in rem*, and local. This court cannot grant relief without determining the amount of complainant's lien upon the land, and ordering a sale of it for the satisfaction of the lien. This, under the laws of New York as well as of this State, makes the action local, and forbids its trial except in the county where the lands lie. The Code of Civil Procedure of the State of New York, by section 982, provides that "an action must be tried in the county in which the subject of the action, or some part thereof, is situated." Our statute provides, "Actions for the recovery of any real estate, or for the recovery of the possession of real estate, * * * shall be tried in the county where the subject of the action shall be situated." 3 Comp. Laws 1897, § 10216, subd. 1. Under a similar statute to that of New York, the supreme court of Indiana determined that a suit for the specific performance of a land contract must be commenced in the county where the land was situated. *Parker* v. *McAllister*, 14 Ind. 12. In New York the court, in *Roche* v. *Marvin*, 92 N. Y. 398, defined the distinction between the relief under a contract which was transitory and the relief which under this statute was local in character, and held that those were local actions which were brought to enforce a lien against real estate. The same rule is laid down in *Chapin* v. *Montcalm Circuit Judge*, 104 Mich. 232 (62 N. W. 351).

The claim made by counsel for complainant cannot prevail. The claim made by the bill contradicts the theory of counsel. The case made by the bill is an attempted foreclosure of this lien, and it will not do for counsel to say now that the court is not required to deal directly with the land, or any interest in the land. If the theory of the bill is correct, the complainant has already a lien upon the land, and the attempt is to foreclose it. It is not like a case where the complainant seeks to compel the defendant to turn over to him a security, so he may foreclose it, or to reform a deed. Here the complainant is in possession

of the security, and he is seeking to foreclose it.   He must be remitted to the county where the land lies.   He cannot enforce it in the courts of this State.

The court should have sustained the demurrer to complainant's bill. . The decree must be reversed, and a decree entered here dismissing complainant's bill, with costs of both courts.

The other Justices concurred.