ROBERTS v. ROBERTS.

JURISDICTION—LOCAL ACTIONS—PRODUCTION OF DEED.

The subject-matter of a suit to compel the production of a title deed, in order that it may be recorded at complainant's expense, does not bring it within 1 Comp. Laws 1897, § 434, providing that suits in chancery, where the subject-matter is local, must be brought in the county where the property in dispute is situated.

Appeal from Clinton; Stone, J. Submitted April 10, 1900. Decided June 5, 1900.

Bill by Lettie Roberts against George A. Roberts and Hannah Roberts, impleaded with George W. Roberts, to enforce the redelivery of a deed. From a decree dismissing the bill, complainant appeals. Reversed.

*Edwin H. Lyon,* for complainant.

*Smedley & Corwin,* for defendants.

MONTGOMERY, C. J.  Complainant, being a resident of Clinton county, filed her bill against the defendants, two of whom reside in Kent county, and the third of whom has departed from the State, to enforce a redelivery of a deed of conveyance to lands in Ottawa county.  She alleges that the defendants George A. Roberts and Hannah Roberts, husband and wife, and the parents of George W. Roberts, her husband, were the owners of 230 acres of land in Ottawa county, and executed and delivered a deed of an undivided one-half of the premises to their said son, her husband, George W. Roberts, and that he entered into the possession of the premises, and remained in possession thereof until about December 1, 1899.  She further shows that in 1897 she was married to said George W. Roberts, and lived with him as his wife until December 1, 1899.  She further shows that about December 1, 1899, her husband fraudulently procured her signature to a deed of conveyance of a large amount of valuable real estate in the State of Washington, and sold a large amount of his personal property, and made a pretended conveyance of the remainder thereof to his father and brother, obtaining upwards of $4,000 in cash or its equivalent, and shortly afterwards departed from the State, leaving and intending to leave her without any means of support, and deserting her, without cause.  She further shows that, because of such desertion, she filed her petition in the Clinton circuit court, in chancery, to obtain alimony and support under the statute.  She further alleges that, after the departure of her husband, she discovered that the deed conveying the undivided one-half of the 230 acres above mentioned as situated in Ottawa county was not recorded, but found its way back into the possession of George A. Roberts; that she requested that the deed be placed on record, and offered to pay the expense thereof, and also asked Roberts and his wife to exe-

cute a new deed to be placed upon record, so that her dower interest therein may appear of record and be protected, and also so that she may enforce her rights under the statute to maintenance and support out of her husband's real estate, all of which reasonable requests defendants George A. Roberts and wife refused. She prays for a decree declaring the existence of the deed from George A. Roberts and wife to her husband; directing the defendants to place it upon record at her expense; that, in default thereof, a decree of the court, when made, shall operate the same as the record of the original deed,—and also adds a prayer for general relief. The defendants George A. Roberts and Hannah Roberts appear and file their plea, and the defendant George W. Roberts does not appear. The plea sets up, in substance, that because the pleading defendants reside in Kent county, and the land is in Ottawa county, the Clinton circuit court, in chancery, has no jurisdiction of the subject-matter of the suit. Upon argument the plea was allowed, and complainant's bill dismissed, with costs. From this decree she appeals to this court.

Section 434, 1 Comp. Laws 1897, provides that every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local. Is the subject-matter of this suit local? It is evident that no direct interest in this land can be established in this proceeding. What is sought is that the court compel the production of a paper (a title deed) in which complainant has an interest. It is not averred that the defendants George A. and Hannah Roberts have any legal title or equitable title in the property, or that any conveyance from them is necessary. The complainant is content with the title as it exists. The cause of action is no more local than would be replevin for title deeds. The proceeding is, in either case, to enforce personal liability. See *Davis* v. *Parker*, 14 Allen, 94; *Johnson* v. *Gibson*, 116 Ill. 294, 302 (6 N. E. 205, 209); *Mitchell* v. *Bunch*, 2 Paige, 606 (22 Am. Dec. 669);

*Brown* v. *Desmond,* 100 Mass. 267.   The case is unlike the cases cited by defendants' counsel.[1]   In each of the cases cited, the title was directly involved, and the attempt was to reach the interest of defendant.   It is also unlike *Richard* v. *Boyd, ante,* 396 (83 N. W. 106), as in that case the purpose of the proceeding was to foreclose a lien on land situated in another State.

The decree dismissing the bill is reversed, and the plea overruled, with costs of this court and of the hearing below to complainant.   The case will be remanded for further proceedings.

The other Justices concurred.

124   417
144   412

---

[1] Viz.:  *Godfrey* v. *White,* 43 Mich. 171 (5 N. W. 243) ; *Krolik* v. *Bulkley,* 58 Mich. 407 (29 N. W. 205) ; *Rankin* v. *Rothschild,* 78 Mich. 10 (43 N. W. 1077) ; *Chapin* v. *Montcalm Circuit Judge,* 104 Mich. 232 (62 N. W. 351).