## LAWRENCE v. HATHAWAY.

1. WILLS—CONSTRUCTION—LIFE ESTATE—RENTS AND PROFITS—
INCUMBRANCES.

Testator devised to his wife a life estate in land on which she
held a mortgage.	The fee of the land he gave in equal shares
to the wife and two others.	The will provided that the
mortgage should be paid from the "avails" of the land, and
that no division should be made until the death of the wife.
It also directed that another tract be sold to pay a certain
mortgage, and disposed of the surplus "avails" thereof; and
then bequeathed the residue of the estate, after the pay-

ment of debts "not secured by mortgage." *Held*, that the widow was not bound to apply the rents and profits to the payment of the mortgage; it being apparent that testator used the word "avails" in the sense of "proceeds," and with a view to limiting the fund for the payment of the mortgage to the land itself.

2. SAME—ACCOUNTING BY EXECUTOR—RES JUDICATA.

An order of the probate court allowing the final account of an executor is *res judicata* as to the propriety of his action under the will in relation to the rents and profits of lands devised.

Per LONG and GRANT, JJ.; MONTGOMERY, C. J., and MOORE, J., concurring in the result.

3. EQUITY JURISDICTION—VENUE.

A bill to set aside a foreclosure sale cannot be maintained in a county where no part of the land is situated. 1 Comp. Laws, § 434.

Appeal from Branch; Yaple, J. Submitted June 6, 1901. Decided July 19, 1901.

Bill by Annie Woolsey Lawrence against Electa A. Hathaway to set aside a foreclosure sale and for an accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*Dwight Goss*, for complainant.

*M. A. Merrifield*, for defendant.

LONG, J. The complainant was the granddaughter of Erastus Hathaway, who died February 18, 1894, in Branch county. His estate consisted of real and personal property inventoried at about $8,000. The defendant is the widow of deceased. Mr. Hathaway made his last will August 6, 1892. Mrs. Hathaway was named executrix. The will was admitted to probate, and on April 4, 1895, she filed her final account as executrix, which was allowed on the same day by the probate court of Branch county.

The fourth paragraph of the will provides:

"I give, devise, and bequeath to my wife, Electa A. Hathaway, the use of the west forty-five acres of land in Burlington township, Calhoun county, Michigan, deeded to me December 29, 1881, by Frederick Hoeltzel and wife, during her natural life. I also give to her absolutely one-third of the above-mentioned forty-five acres. The other two-thirds I direct that it shall be divided as follows: One part, or fifteen acres, to my granddaughter, Annie Woolsey [the complainant], and one part, or fifteen acres, to the children of my son, Wallace E. Hathaway. The above-mentioned forty-five acres are subject to a mortgage of $600, which must be paid from the avails of said lands, and no division of said forty-five acres shall be made until the death of my said wife."

The above mortgage referred to in the will was given by said deceased to the defendant on the same day that the will was made and executed, but was not recorded until after the death of Mr. Hathaway. In October, 1897, more than two years after the filing of her final account as executrix, the defendant foreclosed the mortgage by advertisement, and bid in the 45 acres of land at the sheriff's sale on January 25, 1898, for $908, being the amount claimed under the mortgage. The sheriff's deed was made to her and recorded on the same day.

On June 30, 1898, the complainant filed the bill in this cause, charging that defendant obtained the mortgage by fraud and undue influence and without consideration; that the said 45 acres are in a high state of cultivation, and very productive, and have yielded large rents and profits, which have been sequestered by defendant, and no account made thereof; and that the avails of said lands have not been used to pay said mortgage, as required by said will. On information and belief, it is charged that, since the death of Mr. Hathaway, the avails of the land have been sufficient to pay the mortgage and interest due thereon. The prayer of the bill is that the mortgage be decreed to have been obtained by fraud and undue influence, and be set aside for that reason; that defendant render a true account of the avails of the said 45 acres of land since the death of Mr. Hathaway, and that the same be applied to

the payment and discharge of said mortgage; that the sale of the premises under the foreclosure, and the sheriff's deed, be set aside and canceled.

The defendant by her answer denies that the mortgage was obtained by fraud or undue influence, but, on the contrary, alleges that the mortgage was given to secure the sum of $600, loaned by her to her husband, and that the same was money belonging to her in her own right. She denies also that the 45 acres were productive, and alleges that at the death of Mr. Hathaway only about 12 acres of it were under cultivation, the rest being an old slashing, from which all the timber of any value had been taken, and that one-half of said 45 acres yet remains in that condition; that she expended her own money in clearing up what has been cleared; that she has been unable to realize from the avails of the land more than sufficient to pay the taxes on it; that the improved half of the 45 acres rents for only $10 a year; that, being unable to realize anything from the avails of the land to pay the mortgage, and the principal and interest on the mortgage being equivalent to the value of the land, she commenced the foreclosure proceedings in order to obtain the amount due her thereunder.

The cause was heard in the court below on pleadings and proofs, and complainant's bill dismissed.

We think the court below was not in error in dismissing this bill. The defendant, by the terms of the will, was entitled to the use and benefit of the whole 45 acres of land during her natural life. We think it cannot be contended under such circumstances that it was the intent of the testator that the mortgage was to be paid from the rents and profits of the land. He had already given the rents and profits to the widow. He did not intend to apply them to any other purpose. The language is that the mortgage must be paid from the "avails of said lands." The word "avails" was evidently used by the testator to signify that the mortgage was not to be paid from the assets of the estate generally, but from the land

itself.  The further provision of the same paragraph .
emphasizes that intention, as it says:  "No division of
said forty-five acres shall be made until the death of my
said wife."  The condition of the title to the 45 acres at
the death of the testator was this:  The widow had a life
estate.  The complainant and the children of the son,
Wallace, had the remainder after the death of the widow.
The land was subject to this $600 mortgage, which the
testator provided by the will should be paid out of the
land, and not out of the assets of the estate generally.
We think the use made by the testator of the word
" avails " in other portions of the will makes manifest the
construction of that word as we now construe it.   In the
third clause of the will he provides:

"I direct that the east half of what is known as the
' Collins Farm' be sold to pay a certain mortgage given
by me to Caroline E. Hurd, and the avails, over and above
the amount necessary to liquidate said mortgage, I give,
devise, and bequeath to the children of my said son, Wal-
lace," etc.

Then follows the clause in reference to the 45-acre tract.
To forbid the executrix paying the mortgage out of the
general assets, the will further provides that, after paying
his just debts "that are not secured by mortgage," the
residue shall go to the widow.

But, aside from these considerations, we think the court
very properly dismissed complainant's bill.   The executrix
filed her final account three years prior to the filing of this
bill, and presumably accounted for all assets in her hands
belonging to the estate.  Her account was allowed and
settled in the probate court.  That court had jurisdiction
of the matter, and no appeal was ever taken from the
order there made.  The matters thus determined are *res
adjudicata.* *Fingleton* v. *Kent Circuit Judge,* 116
Mich. 211 (74 N. W. 473); *Byrne* v. *Hume,* 84 Mich. 185
(47 N. W. 679).

For another reason the present bill will not lie.  The
land is situated in Calhoun county.  The bill was filed in

Branch county. The statute (1 Comp. Laws, § 434) provides that " every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local." It has frequently been held that, under this statute, a bill in equity affecting interests in real estate must be filed in the county where the lands, or some part of them, are situated. *Chapin* v. *Montcalm Circuit Judge*, 104 Mich. 232 (62 N. W. 351), and cases there cited.

The decree below must be affirmed, with costs.

GRANT, J., concurred with LONG, J. MONTGOMERY, C. J., and MOORE, J., concurred in the result. HOOKER, J., concurred in the result upon the last point.