TITUS *v.* CHIPPEWA CIRCUIT JUDGE.

1. VENUE — EQUITY PRACTICE — PARTIES — JURISDICTION — COM-
MENCEMENT OF SUITS.
  One residing in the county of St. Clair may not file a bill of
    complaint in the circuit court for the county of Chippewa
    against a party defendant that is a resident of the Dominion
    of Canada to restrain the taking of depositions of certain
    witnesses in a criminal proceeding pending in the Canadian
    courts. 1 Comp. Laws, § 434.

2. SAME—LOCAL OR TRANSITORY ACTIONS.
  The subject-matter of such suit not being local, as required by
    the provisions of said law, the proceeding must be instituted
    in the county where plaintiff resided.

3. SAME—DEMURRER CLAUSE—ANSWER IN EQUITY—JURISDICTION.
  The question of jurisdiction was properly raised by a demurrer
    clause in defendant's answer, upon which the hearing could
    only take place at the time of final hearing.

4. MANDAMUS—INJUNCTION—APPEAL AND ERROR.
  Although the Supreme Court does not review by mandamus, in
    ordinary cases the issuance of a preliminary writ of injunc-
    tion granted upon the hearing of an order to show cause, it
    will take cognizance of a case which involves merely a ques-
    tion of law.[1]

Mandamus by Fernando E. Titus against Horace M.
Oren, judge of the Chippewa circuit court, to compel re-
spondent to vacate an order granting an interlocutory in-
junction. Submitted January 9, 1912. (Calendar No.
24,877.) Writ granted February 10, 1912.

*E. S. B. Sutton* (*O. F Hunt* and *Burlingham, Mont-
gomery & Beecher,* of counsel), for relator.

*Sherman T. Handy,* for respondent.

STONE. J.   This is a petition for mandamus to compel
the respondent to vacate and set aside his order dated

[1] Mandamus in exercise of superintending control over inferior
courts, see note in 51 L. R. A. 33.

November 4, 1911, ordering the issue of a writ of injunction, being the writ of injunction dated November 9, 1911, based on said order in the cause pending in the circuit court for the county of Chippewa, in chancery, wherein Alexander Cunning is complainant and the relator is defendant. The facts briefly stated are as follows:

A criminal cause styled *"The King v. Alexander Cunning"* is at issue and undetermined in the district court of Manitoulin, Province of Ontario, Dominion of Canada, wherein the said Cunning is charged with the crime of larceny. Thereafter said district court issued a commission authorizing and directing the relator to take depositions of certain witnesses in behalf of the king residing in the county of Chippewa and State of Michigan. Relator presented to the circuit court for the county of Chippewa his petition for an order for subpœnas to compel the attendance of witnesses, claiming to act in pursuance of the provisions of section 10138, 3 Comp. Laws. In pursuance of said petition, an order was made authorizing and directing the clerk of the circuit court to issue subpœnas for the witnesses named. Thereafter, and on October 29, 1911, said Alexander Cunning filed a bill of complaint in the circuit court for the county of Chippewa, in chancery, praying for an injunction restraining petitioner and relator as such commissioner from taking the depositions of said witnesses. Upon filing said bill, a restraining order was issued as prayed for, together with an order to show cause. Relator filed an answer to the order to show cause and also an answer to the bill of complaint. In his answer to the bill of complaint relator denied that the complainant was entitled to any relief whatever by reason of said bill, and he also prayed that the writ of injunction and order to show cause might be dismissed, set aside, and held for naught. The last paragraph of the answer to the bill is as follows:

"And this defendant, further answering, denies that said complainant is entitled to the relief, or any part thereof, in the said bill of complaint demanded, and prays

the same advantage of this answer as if he had pleaded or demurred to the said bill of complaint, and prays to be dismissed with his reasonable costs and charges in this by him in his behalf most wrongfully sustained, and that the injunction issued in this cause, and served upon this defendant, may be vacated, dismissed, and held for naught."

The order to show cause having been argued and submitted to the court, an order was issued November 4, 1911, granting a preliminary injunction, and on November 9, 1911, the preliminary injunction was issued, and served upon relator. We have examined the record fully, including the answer of the respondent. It appears by the said bill of complaint that the said Alexander Cunning is and was when the bill of complaint was filed, a resident of the city of Port Huron, in the county of St. Clair, State of Michigan, and, as appears by the exhibits attached to the bill of complaint, the relator. Fernando E. Titus, is, and was when the bill was filed, a resident of Gore Bay, in the district of Manitoulin, Canada.

Was the bill of complaint properly filed in the circuit court for the county of Chippewa, in chancery; and, if not, is that question properly before us ? Our statute (section 434, 1 Comp. Laws), among other things, provides:

" Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject-matter is local, and, if it is not local, in the county where one of the parties in interest resides, if either is a resident of the State; but if the subject-matter is not local, and neither party resides in the State, the suit may be brought in any county."

An examination of the bill of complaint shows clearly that no property is in dispute in the case, and that the subject-matter of the bill is not local within the meaning of the statute    It is equally clear that neither of the parties resides in the county of Chippewa, but that the complainant therein resides in another county of this State, and that the defendant therein resides in Canada. This being the situation, we are of opinion that the bill of com-

plaint was improperly filed in the circuit court for the county of Chippewa, in chancery, and that that court was without jurisdiction to issue the injunction. *Chapin* v. *Montcalm Circuit Judge*, 104 Mich. 232 (62 N. W. 351); *Richard* v. *Boyd*, 124 Mich. 396 (83 N. W. 106); *Roberts* v. *Roberts*, 124 Mich. 414 (83 N. W. 132); *Lawrence* v. *Hathaway*, 128 Mich. 119–123 (87 N. W. 84); *Prather Engineering Co.* v. *Railway*, 152 Mich. 582 (116 N. W. 376); *Wipfler* v. *Warren*, 163 Mich. 189 (128 N. W. 178).

We think that the answer fully raised the jurisdictional question. Under our practice the hearing upon the demurrer clause in the answer could not take place until the final hearing of the cause. *Zabel* v. *Harshman*, 68 Mich. 270 (36 N. W. 71); *Smith* v. *Blake*, 96 Mich. 542 (55 N. W. 978); *Brassington* v. *Waldron*, 143 Mich. 364 (107 N. W. 100). We are constrained, therefore, to hold that the Chippewa circuit court, in chancery, had no jurisdiction of the cause, and hence no power or authority to order or issue the injunction complained of.

We need not discuss the question as to whether mandamus is the proper remedy here. We have said that, while ordinarily this court does not by mandamus review the action of a circuit judge in injunction cases, yet, where the return shows the question in dispute to be one of law merely, it will consider the case. *Ionia, etc., Ins. Co.* v. *Ionia Circuit Judge*, 100 Mich. 606 (59 N. W. 250, 32 L. R. A. 481); *Siegel* v. *Wayne Circuit Judge*, 155 Mich. 459 (119 N. W. 645), and cases there cited.

The writ will issue as indicated, but without costs.

STEERE, MCALVAY, BROOKE, and OSTRANDER, JJ., concurred with STONE, J.

BLAIR, J. I concur on the ground that the remedy by appeal would not afford an adequate remedy.

MOORE, C. J., concurred with BLAIR, J.

BIRD, J., did not sit.