### CALHOUN v. CRACKNELL.

1. EXECUTORS AND ADMINISTRATORS — ESTATES OF DECEDENTS — DISTRIBUTION.

>  Under the statute, upon allowance of the final account of the executor or administrator, the probate court is required to distribute the estate by an order, naming the persons taking and the portions which they take. 3 Comp. Laws 1915, § § 13915, 13916.

2. SAME—WILLS—CONSTRUCTION.

>  In order to properly declare the succession, the court is obviously called upon to construe the will, where the deceased died testate, and a special petition for the construction of the will is not necessary.

3. ESTATES OF DECEDENTS—DISTRIBUTION—INFANTS—GUARDIAN AD LITEM.

>  There is no requirement in the statute for the appointment of a guardian *ad litem*, as a prerequisite to the distribution of an estate, where one of the beneficiaries is an infant, although in case of partition such appointment is expressly required.

4. SAME—WILLS—DISTRIBUTION—REAL ESTATE—PERSONALTY.

Under the statute relating to the power of the probate court to construe wills and make distribution of estates, the same rule should apply to real estate as to personal property.

5. SAME—PARTITION—REAL ESTATE.

Section 13918, 3 Comp. Laws 1915, clearly contemplates the assignment of real estate to devisees, and then provides for the partition thereof.

6. SAME—DISTRIBUTION—PARTITION.

The right to a partition is confined to such real estate as has been assigned by the probate court after the payment of debts.

7. EXECUTORS AND ADMINISTRATORS—WILLS—CONSTRUCTION—PROBATE COURTS—RES ADJUDICATA.

Where a will was construed by the probate court, the final account of the executrix allowed, and the real and personal property assigned, on a bill by an adopted daughter of testator, a beneficiary under the will, for the construction of the will as to the real estate devised, plaintiff claiming that, under the will, the widow should have a life estate only, *held*, that the order of the probate court, from which there was no appeal, was *res adjudicata*, and binding upon plaintiff.

Appeal from Chippewa; Fead, J.   Submitted June 5, 1918.   (Docket No. 33.)   Decided July 18, 1918.

Bill by Maybell Leslie Cracknell Calhoun against Sarah Jane Cracknell for the construction of a will. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*John W. Shine*, for plaintiff.

*McDonald & Kaltz*, for defendant.

STONE, J.   The plaintiff herein, claiming a remainder under the will of the late Arthur B. Cracknell, brought this suit for the construction of the will. From a decree dismissing the bill, the plaintiff has appealed.

The will in question was a holographic will, and as it appears in the record (with its peculiar punctuation and use of capital letters) is as follows:

"SAULT STE. MARIE, MICH.,
"January 25th, 1890.

"I Arthur, B. Cracknell of Sault Ste Marie Michigan being of Sound mind And memory do make this my last will and testiment first I give devise and bequeath All of my real estate and personal Property of whatever name or value And wherever Situated of which I may own at the time of my death to my wife Sarah. Jane. Cracknell to have use and control during her natural life time And at her death One thousand Dollars to go to my Adopted Daughter Maybell Leslie Cracknell and the balance of my Estate at my wife's death. If she does not make A will to go to my adopted Daughter above named I hereby constitute and appoint Sarah Jane Crackness and Frank V. Flower executrix and executor to this my last will and testiment. In witness whereof I hereunto Set my hand and Seal this Twenty-fifth Day of January A. D. 1890.

"ARTHUR. B. CRACKNELL.
"B. P. FULLER
"Witnesses FRANK V. FLOWER."

Mr. Cracknell died April 13, 1899, and the will was admitted to probate, May 15, 1899, and the defendant, his widow, qualified as executrix and proceeded to administer the estate. Mr. and Mrs. Cracknell had no issue, but the plaintiff is their adopted daughter. The estate consisted mostly of real estate at Sault Ste. Marie, Michigan, and was appraised at about $20,000, with some encumbrance thereon.

The plaintiff was about 14 years old at the time of testator's death. On May 12, 1899, the defendant, upon her own petition, was appointed general guardian of the plaintiff and her estate.

On the 14th day of July, 1902, the defendant, as executrix, filed her final account, and on August 11, 1902, such account was allowed by the probate court and an order entered allowing her final account and

assigning the estate to defendant, from which order there was no appeal. The order relating thereto, after reciting the filing of due proof of publication, proceeds as follows:

"It is therefore ordered that said account be, and hereby is, allowed and approved as the final account of the said Sarah J. Cracknell, executrix of said estate, and ordered to be placed on file and recorded.

"And it is further ordered and decreed that all of the real estate and personal property of the said estate be and the same is hereby assigned absolutely to the said Sarah J. Cracknell under the will, except the sum of one thousand dollars, which is assigned to the said Sarah J. Cracknell, to have the use and control thereof during her life, and at her decease to go absolutely to Maybell Leslie Cracknell if she be then living; and, upon the said Sarah J. Cracknell's placing the said one thousand dollars under the control of this court, or giving satisfactory bond therefor, said estate, both real and personal, shall be relieved from and free from any charge on account of said one thousand dollars."

Subsequently a petition was filed to relieve the estate from the $1,000 legacy, and an order relieving the estate from said legacy was duly entered on the 12th day of May, 1903, in and by which it was ordered that that sum of money be placed on interest at the Soo Mutual Building & Loan Association, and that the interest thereon be paid to Sarah Jane Cracknell, during her life, and that after her death the same should be paid over to Maybell Leslie Cracknell, and that thereupon the said estate be released and freed from any and all charge on account of said legacy. Said order was complied with, and the bond of the executrix was released and canceled and the estate settled and closed.

When the order assigning the estate was made the plaintiff was not represented at the hearing by any guardian *ad litem*, or in any other manner.

It is the claim of the plaintiff that by the terms of the will the defendant was given a life estate only in all of the real property and was entitled to the possession thereof, but that at her death the plaintiff is to have $1,000 and the balance of the estate. In other words, it is the claim of the plaintiff that the defendant's interest in the property was that of a life estate only. The bill alleged that the defendant had allowed the buildings on the lands of the estate to become dilapidated and out of repair, thus destroying the *corpus* of the property. And the defendant, claiming to be the owner in fee of the lands, denied the plaintiff's interest as remainderman, and denied that she owed plaintiff any duty as to the real estate.

The trial court held that the order of the probate court assigning the residue of the estate was *res adjudicata* and binding on the plaintiff; and, as we have said, dismissed plaintiff's bill, and a decree was entered accordingly.

There is little or no dispute about the facts in the case. In argument the claims of the plaintiff are as follows:

(1) That the defendant took only a life estate under the will.

(2) That the probate court did not construe the will as to plaintiff's remainder.

(3) If the order of the probate court assigning the residue is held to assign the fee title, is it binding on the plaintiff?

(4) Is a decree of distribution where minors are not represented void, or voidable?

(5) If the order assigning the residue assigns a fee title to defendant, and if that order is binding on the plaintiff, then the defendant should be held to hold the remainder in trust for the plaintiff.

The learned circuit judge filed a written opinion in the case which so clearly presents our view that we insert the same here:

"It may be laid down as a fundamental proposition that the vesting of estates by will is, without constitutional limitations, if any, peculiarly within the control of the legislature. The legislature has prescribed the procedure in the settlement of estates, and the courts are bound by the statutory provisions. In most proceedings no personal notice is required, but a notice by publication is sufficient to apprise all parties interested or to bind them by the order of the court. Under the statute upon allowance of the final account, the probate court is required to distribute the estate by an order, naming the persons taking and the portions which they take. 4 How. Stat. (2d Ed.) §§ 11154, 11155 (3 Comp. Laws 1915, §§ 13915, 13916).

"The distribution does not transfer property, but is merely declaratory. In partition, one having an undivided interest in the whole of the real estate is invested by the partition proceedings with the whole title of part thereof. Distribution differs from partition in that the former transfers no title, but merely declares the persons upon whom the law casts the succession, and the extent of their respective interests. *Parkinson* v. *Parkinson*, 139 Mich. 535. In order to properly declare the succession, the court is obviously called upon to construe a will where the deceased died testate. Under the statute cited, the probate court is invested with that power, and at the time of the distribution of the estate, has jurisdiction to construe the will and make distribution accordingly. *Glover* v. *Reid*, 80 Mich. 228, 232; *Byrne* v. *Hume*, 84 Mich. 185, 86 Mich. 546; *Dudley* v. *Gates*, 124 Mich. 440.

"The judgments of the probate court stand upon the same basis as the judgments of other courts, and are conclusive. The propositions passed upon become *res adjudicata. Burgess* v. *Stribling*, 134 Mich. 33, 38; *Lawrence* v. *Hathaway*, 128 Mich. 119, 123. This is true of an order or judgment of distribution of an estate, and the judgment, after a construction of a will, becomes *res adjudicata* of such construction. *Byrne* v. *Hume, supra;* 18 Cyc. p. 663; 40 Cyc. p. 1859. As bearing upon the question and sustaining the doctrine, see, also, *In re Doyle's Estate*, 147 Mich. 544, 548; *Farlin* v. *Sanborn*, 161 Mich. 615.

"Counsel for plaintiff admits the force of the order

of distribution, but denies its applicability in the case at bar, for two reasons: *First*, that a special petition for the construction of a will is necessary; and, *second*, that at the time of the settlement of the estate and the order of distribution the plaintiff was an infant, and a guardian *ad litem* should have been appointed for her. The first reason is answered by the decision cited above, and by the fact that the statute does not contemplate a necessity for a special petition. As concerns the second reason, the infancy of the plaintiff, I have been able to find no requirement in the statute for the appointment of a guardian *ad litem* as a prerequisite to the distribution of an estate. The authorities are to the effect that such appointment is not necessary where the statute does not require it. 10 Enc. Pl. and Prac. p. 625. In some cases, as in partition, such appointment is expressly required by law.

"Probate proceedings are not personal in their nature, but belong to a class of action *in rem*, or *quasi in rem*. *Stevens* v. *Hope*, 52 Mich. 65. (*In re Brown's Estate*, 198 Mich. 544, 563.) When the final account has been approved and all demands against the estate are satisfied, the distribution is a matter of course which it is the duty of the court to make. *Dickison* v. *Reynolds*, 48 Mich. 160.

"The court having jurisdiction to distribute the estate and to construe the will for the purpose, the failure to appoint a guardian *ad litem* for a minor could be no more than an irregularity of procedure. It is fundamental that an irregularity, not jurisdictional, even though sufficient to require the vacation of a judgment on direct attack, does not affect its force when questioned in another proceeding. If the appointment were necessary, the judgment would be, not void, but merely voidable. 10 Enc. Pl. and Prac. p. 627, and following. Under the authorities, it appears to me that so long as the judgment of the probate court construing the will remains in force, it is *res adjudicata* upon that proposition, and bars any other or further proceeding for the construction of the will.

"A decree dismissing the bill will be entered, with costs to the defendant."

In most of the cases cited in the opinion of the circuit judge relating to the power of the probate court

to construe a will in making distribution of estates, the estates consisted of personal property only; but that the same rule should apply to real estate we think clearly appears by reference to other sections of the statute.

Section 13918, 3 Comp. Laws 1915, clearly contemplates the assignment of real estate to devisees, and then provides for the partition thereof. This is fully recognized by this court in *Parkinson* v. *Parkinson, supra,* at p. 536.

The right to a partition is confined to such real estate as has been assigned by the probate court after the payment of debts. *Campau* v. *Campau,* 19 Mich. 116, 122. In that case Justice CHRISTIANCY, speaking for this court, said:

"The settlement of the estate and delivery of the property to the heirs by order of the probate court, would undoubtedly constitute necessary prerequisites to a partition in that court, where, under the statutes, partition is to be regarded as an incident of, and part of the proceedings for, the settlement of the estate. The right to a partition is there confined to such real estate as had been assigned by that court to the heirs or devisees, after the payment of debts." Citing the statute.

See, also, *Haddon* v. *Hemingway,* 39 Mich. 615.

We therefore agree with the court below that in order to properly declare the succession, the probate court is obviously called upon to construe a will dealing with real, as well as personal estate. Under the statute cited, the probate court is invested with power, and, at the time of the disposition of the estate, has jurisdiction to construe a will and make disposition accordingly; and we are of the opinion that the case was properly disposed of upon the ground that judgments of the probate court stand upon the same basis as judgments of other courts of record, are conclusive, and become *res adjudicata.*

The questions urged by appellant, we think, are fully covered by the opinion above quoted, and need not be farther discussed. The decree below is affirmed, with costs to the defendant.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.