## CASTLE *v.* CASTLE.

1. EXECUTORS AND ADMINISTRATORS—FINAL ACCOUNTING—RELEASE —FRAUD—NOTICE—ESTOPPEL.

Where plaintiffs, heirs of an estate, with knowledge of all the facts, signed a release of the administrator and consented to the final decree and adjudication of the cause in the probate court, they are estopped to allege fraud in the administration of the estate and to ask for an accounting thereof.

2. SAME—EVIDENCE—SUFFICIENCY.

Allegations in plaintiffs' bill that the administrator of their father's estate promised and agreed to compensate them by will for defrauding them in administering said estate if they would sign his release as said administrator, but that he failed so to do, *held*, not sustained by the proofs.

Appeal from Ottawa; Cross (Orien S.), J.   Submitted October 8, 1920.   (Docket No. 59.)   Decided December 21, 1920.

Bill by Heaman Castle and others against Amanda F. Castle and another to set aside the sale of land, and

for an accounting. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Visscher & Robinson* (*Arthur Van Duren*, of counsel), for plaintiffs.

*Cross, Foote & Sessions*, for defendant Castle.

CLARK, J. Truman S. Castle died intestate in 1868 and in that year letters of administration of his estate were issued by the probate court of Ottawa county to John Castle, a brother. The heirs at law were the plaintiffs, sons, then aged 7, 6 and 5 years, respectively. The inventory showed personal property appraised at the sum of $567.55 and two parcels of real estate appraised at the sum of $2,040. In 1875 the administrator, having obtained from the probate court license to sell, the price named being $1,200, sold one parcel of the real estate, receiving therefor $270, the difference seemingly being due to the fact that the property was mortgaged. John Wagner, the purchaser, and wife later in that year conveyed this property to Chester Needham, brother-in-law of the administrator, for a named consideration of $500, and in 1900 the heirs at law of Chester Needham conveyed the same to Amanda F. Castle, the wife of John Castle, and in 1905 John and Amanda F. Castle conveyed to one Zuiderbeld. John Castle was in possession of this tract for nearly 30 years prior to 1905.

In June, 1916, John Castle, as administrator, filed his final account and with it a release signed by plaintiffs in part as follows:

"We, Heaman Castle, Walter and Hiram Castle, being children and sole heirs at law of said deceased, * * * do hereby acknowledge due notice of the hearing on the final account and petition of John Castle, administrator of said estate, hereto attached and waive further notice thereof; and do consent to the allowance of said account and to the granting of

said petition forthwith and to the assignment and distribution of the residue of said estate forthwith.

"And we do each hereby acknowledge that we have each received our respective shares of said estate in full and do hereby consent to the discharge of said administrator forthwith."

The final account showed the remaining parcel of real estate on hand for assignment and that the residue of the estate, after payment of debts, had been turned over to the heirs at law.

On June 30, 1916, the probate court assigned the said real estate to the plaintiffs, and on July 7, 1916, the following order was entered in the cause by said probate court:

"Whereas, it appears by the records and proceedings of said court that you have in all things faithfully and justly performed and discharged all and singular the duties and obligations which by law and the orders of said court were required, and enjoined upon you as administrator of said estate, and that you have duly and fully accounted for and administered all of said estate which has come into your possession, in the manner provided by law:

"Now, therefore, you are hereby discharged, exonerated and acquitted from any and all liabilities concerning your said trust, and your doings and proceedings are forever quieted, your official bond cancelled, and your letters of administration heretofore granted are hereby revoked and annulled."

No appeal was taken. John Castle died in 1916, leaving no estate. His widow, the defendant Amanda F. Castle, owns a small home and $2,000 in money and bonds which she received from her husband many years before his death.

In January, 1919, plaintiffs' bill of complaint was filed alleging that the sale of the real estate in 1875 was fraudulent in that John Castle, the administrator, was the actual purchaser and that John Wagner and Chester Needham were his instruments used to pass

title to himself and that the plaintiffs had been induced to give the said release to John Castle, administrator, and to permit closing the estate, by his promise to pay and compensate them by his will to the extent of their respective interests in the estate of their father, and praying an accounting and that the funds in the hands of defendants Amanda F. Castle and Clayton Needham, seemingly her banker, be declared trust funds for the use and benefit of plaintiffs to the amount claimed to be due. Decree was entered dismissing the bill of complaint. Plaintiffs have appealed.

With knowledge of the facts plaintiffs signed the release and consented to the final decree and adjudication of the cause in the probate court. They are estopped to allege fraud in the administration of the estate and to ask accounting thereof. *Bond* v. *Markstrum,* 102 Mich. 11; *Jacobson* v. *Miller,* 41 Mich. 90; *Burgess* v. *Stribling,* 134 Mich. 33; *Calhoun* v. *Cracknell,* 202 Mich. 430; *Barker* v. *Cleveland,* 19 Mich. 230; *Hazen* v. *Reed,* 30 Mich. 331; *Lawrence* v. *Hathaway,* 128 Mich. at page 123; *Fingleton* v. *Kent Circuit Judge,* 116 Mich. 211; *Byrne* v. *Hume,* 84 Mich. 185; *Campau* v. *VanDyke,* 15 Mich. 371; *Corby* v. *Trombley,* 110 Mich. 292.

We think the record is barren of competent evidence that John Castle promised and agreed that by will he would pay or compensate plaintiffs, and we agree with the trial court that the material allegations of the bill of complaint are not sustained by the proofs.

The decree is affirmed, with costs to the defendants.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.