## CHRISTOPHER *v.* HECHHEIMER.

1. CONTRACTS — TRAVELING SALESMAN — "DRAWING ACCOUNT" — EVIDENCE.

Where a contract with a traveling salesman provided that he should receive a certain commission on sales, and be allowed " a drawing account of $100 per month; traveling expenses and drawings to be deducted before payment of commission," —parol evidence was admissible to show that, by a well-defined trade usage, the term "drawing account" meant a guaranty of commission.

2. SAME—ADVANCES FOR EXPENSES.

*It seems* that, such construction being established, moneys advanced for traveling expenses could not be charged against the drawing account.

Error to Wayne; Carpenter, J. Submitted March 8, 1901. ' Decided July 10, 1901.

*Assumpsit* by Martenus Christopher against Emanuel Hechheimer and another for salary as traveling salesman. From a judgment for plaintiff, defendants bring error. Affirmed.

*Clark, Durfee, Allor & Marston*, for appellants.

*L. C. Stanley*, for appellee.

MOORE, J. The plaintiff is a traveling salesman. In May, 1897, he entered into the employ of defendants, who are manufacturers of clothing, to sell their goods. The contract was in writing, and continued for a year. It is the claim of the plaintiff that he entered upon his work for the second year under an agreement that the contract was to continue for a second year. He brought suit to recover $500, which he claimed was due him. Defendants deny that the contract was renewed at the end of the first year, and claim they had overpaid plaintiff, so that, instead of being in debt to him, he in fact owed them $1,650. The whole controversy arises over what construction shall be placed upon that portion of the contract reading as follows:

"And the said party of the first part covenants and agrees to pay unto the said party of the second part, for the same, the sum of lawful money of the United States as follows: The sum equal to seven per cent. commission on all sales shipped and accepted, with the further stipulation that a drawing account of one hundred dollars ( $100 ) per month be allowed party of the second part. Traveling expenses and drawings to be deducted before payment of commission."

And especially as to what is meant by a "drawing account" of $100 per month.

The case was tried before the judge without a jury. That portion of his findings of fact and law which is material is as follows:

"The amount of commissions on sales made by plaintiff, shipped and accepted by defendants before suit was commenced, amounted to $2,107. The amount of money advanced by them amounted to $3,758.25. Of this money $2,108.25 was advanced for traveling expenses, and was advanced from time to time for plaintiff's traveling expenses, and was so used by him; and $1,650 was advanced upon the drawing account of plaintiff at the rate of $100 per month from May 15, 1897, to October 1, 1898.

"I find from the testimony introduced upon this trial that the term 'drawing account' has a definite and fixed meaning in the trade, and that it meant a guaranty of commissions, so that there is no obligation on the part of one drawing to repay the amount of the money drawn.

"As a conclusion of law from the foregoing facts, I find that the plaintiff is entitled to a judgment for $500."

The parties to the controversy introduced testimony as to what was meant by the term "drawing account." It is a term which would not be understood by persons not familiar with the trade. It was proper to introduce testimony as to its meaning. The testimony was exceedingly conflicting. A number of witnesses on the part of the plaintiff gave testimony tending to show that, when used in such a contract as this, it had a definite and fixed meaning in the trade, and meant a guaranty of commissions up to $100 each month. Speaking for myself, I think this was the practical construction put upon the contract by the defendants themselves in their remittances to the plaintiff.

Judgment is affirmed.

The other Justices concurred.