*In re* DOYLE'S ESTATE.

DOYLE *v.* CAMPBELL.

1. EXECUTORS AND ADMINISTRATORS—FINAL ACCOUNT—ORDER AL-
LOWING—EFFECT.

Where an administrator files his final account, showing disburse-
ments of amounts equal to the net value of the estate to the
persons whom he.and the judge of probate believe to be the
heirs of deceased, the order allowing the account, discharging
the administrator, and canceling his bond, is not an adjudica-
tion determining who is entitled to the estate and assigning
the residue to such persons, neither can it operate to vest
title to such residue in any one not in fact a lawful heir of
deceased.

2. SAME—RECEIPT FROM DISTRIBUTEE—EFFECT.

The giving to an administrator by a person believed to be, but
who in fact is not, a lawful heir of intestate, of a receipt for
her distributive share of the estate, no payment being made
at the time, is without consideration, and cannot operate to
vest title to such distributive share in the receiptor.

Error to Wayne; Frazer, J. Submitted June 8, 1906.
(Docket No. 74.) Decided March 26, 1907.

Patrick M. Doyle presented his final account as admin-
istrator of the estate of Margaret G. Doyle, deceased.
The account was disallowed in the probate court, and the
administrator appealed to the circuit court. There was
judgment for the administrator at the circuit, and James
Campbell, sole heir of deceased, brings error. Affirmed.

*Palmer & Palmer,* for appellant.

*Dennis B. Hayes* and *Richard I. Lawson* (*W. G.
Fitzpatrick,* of counsel), for appellee.

McALVAY, C. J. Patrick M. Doyle is the administra-
tor of the estate of Margaret Doyle, deceased. He

appealed from an order of the probate court of Wayne county, made upon the hearing of his final account, to the circuit court of said county. On the trial of said appeal he recovered a judgment against said estate. From that judgment, the estate and James Campbell, brother and sole heir of the deceased, appeal to this court.

Patrick M. Doyle and Hannah D. Doyle were husband and wife. They had no children, and on April 6, 1881, by proceedings in the probate court, adopted Margaret Maud Campbell, changing her name to Margaret Gertrude Doyle. The parents of Margaret were both dead, leaving two children surviving them, this daughter and a son, James Campbell. Margaret, at the time of adoption, was three years old, and afterwards lived with and was reared by her foster parents. The adoption proceedings were had under a statute subsequently declared to be unconstitutional. Hannah D. Doyle died intestate June 30, 1902, leaving an estate of $5,000, inherited from her father. Her husband, Patrick M. Doyle, was appointed her administrator. In March, 1903, he made out his final account, showing all his receipts and disbursements, and an equal division of the balance belonging to the estate between himself and Margaret G. Doyle, of $2,192.83 each. Upon filing the receipts for these amounts in his petition accompanying the same, he prayed the court for the allowance of said account and for his discharge as administrator. In this final account he charged himself with $5,000, and was credited with $614.35, leaving a balance of $4,385.65. The receipt of Margaret for $2,192.83 accompanied the account, which was indorsed with her consent to its allowance, waiving all notice of hearing. This petition and account were filed September 24, 1903, and an order made and entered allowing the final account and discharging the administrator and canceling his bond. It is admitted that the $2,192.83 receipted for was never in fact paid over by the administrator to Margaret G. Doyle. She died September 26, 1903.

Patrick M. Doyle was appointed administrator of her

estate, and proceeded in due course to administer the same. In this estate the administrator has filed three final accounts. The first does not appear in the record; but we understand that it was identical with the second, except that it did not contain a charge against him of the whole or any part of the amount Margaret G. Doyle receipted for as her share of the estate of Hannah D. Doyle, which amount, upon the suggestion of Morse Rohnert, circuit judge, presiding in probate court, is charged in the second account at $1,851.66. Upon this account a hearing was had in probate court and it was found that there was a balance of $1,078.60 due the estate from the administrator, after the payment of all debts, charges, and expenses of administration; that James Campbell was the brother and sole heir at law of the deceased; and the said residue of said estate was by the court duly assigned to said James Campbell.

From this order and decree of said court an appeal was taken to the circuit court for Wayne county. By permission of the circuit court an amended account was filed, which did not include the charge of $1,851.66, and upon this account the case was tried in the circuit court. The trial resulted in a verdict and judgment in favor of the administrator and against the estate of $773; the jury having found specially, upon a question submitted by the circuit judge on his own motion, that Margaret G. Doyle had during her lifetime given to Patrick M. Doyle all the money received by her from the estate of Hannah D. Doyle. This is the judgment before this court for review, and we are asked to set it aside on account of errors committed upon the trial.

Counsel for the administrator contend that Margaret G. Doyle never received, and was not entitled to receive, any moneys from the estate of Hannah D. Doyle; that no part of said estate was ever assigned to her by order and judgment of the probate court; that such order was merely an allowance of the final account of the administrator and his discharge. If this contention is true, it will not

be necessary for this court to consider the errors assigned
by appellants. It is admitted in the record that the pro-
ceeding taken by Doyle and his wife for the adoption of
Margaret was under the statute which has been declared
unconstitutional by this court. It may be presumed, how-
ever, from the record, that in the proceedings for admin-
istering these estates the administrator went upon the
theory that this adoption was a legal one, and the question
of its illegality was not raised until during the trial in the
circuit court. Appellants insist that this question cannot be
raised by the administrator; that one-half of the estate of
Hannah D. Doyle, after paying all debts and charges,
was in fact assigned by the probate court to Margaret, as
appears from the order made by said court, and as was
admitted upon the trial by counsel for the administrator
as follows:

"*The Court:* How is it claimed that this money came to
Margaret Doyle from her mother?

"*Mr. Lawson:* By an assignment in the probate court
to that effect."

Counsel for appellee asserts that in making this state-
ment he was stating the claim of appellants in that re-
gard. The portion of the order in question made in the
matter of the estate of Hannah D. Doyle, necessary to
quote in this connection, is as follows:

"Patrick M. Doyle, the administrator of said estate,
having rendered to this court his final account in said
matter, with the consent to its allowance indorsed thereon
by all persons interested therein, upon examination: It is
ordered that said account be, and the same is hereby, al-
lowed as stated, with receipts and disbursements equal,
and that said administrator be, and he is hereby, dis-
charged and his bond canceled."

This was not an adjudication by the court determining
who was entitled to this estate and assigning the residue
to such persons. It was merely an order settling and al-
lowing the final account of the administrator and ordering
his discharge. The account presented for allowance

showed no residue in his hands, and the order was made in accordance with the prayer of the petition. It is such an order as this court has held may be made under the statute. *Brown* v. *Forsche*, 43 Mich. 499.

This order did not vest in Margaret G. Doyle any estate or interest in the moneys from the estate of Hannah D. Doyle for which Margaret had receipted to the administrator. This is the only order by virtue of which it is claimed that she derived right and title to this money, and by means of which it is claimed to belong to her estate. The receipt given to the administrator cannot operate as vesting title in her. It was given under the erroneous belief that she was the owner of the money. It was without consideration, as no money was received by her. She was not the heir of Hannah D. Doyle, the adoption having been illegal and void. The claimed admission of counsel on the trial that this money was assigned to Margaret G. Doyle by this order of the probate court is susceptible of the construction given to it by said counsel, and from the fact that it appears in the charge of the court that the question of the validity of the adoption was raised, and it was urged by appellants that the probate order was res adjudicata of the adopted daughter's right to the property, it is clear that such was the position counsel took upon the trial. As a matter of law, as far as this record shows, all of the estate of Hannah D. Doyle belonged to her surviving husband. Because the probate proceedings were had upon the theory that one-half of Hannah D. Doyle's estate belonged to Margaret cannot divest him of his title. The appellant, James Campbell, could only take such estate as vested in his sister, Margaret, at the time of her death. His rights must rest upon and be determined by the probate order we have considered, and by our construction of that order he acquired no rights.

This disposes of the case, and it is not necessary to consider the errors assigned. The estate of Margaret G. Doyle, other than this amount claimed from the foster

mother's estate, consisted of $85.30 in cash, a small amount of furniture, and her wearing apparel, altogether not sufficient to pay the reasonable fees and expenses of her funeral and legal costs and charges of administration.

The judgment is affirmed.

GRANT, BLAIR, HOOKER, and MOORE, JJ., concurred.