HARVEY *v.* SECURITY TRUST CO.

JUDGMENT—RES ADJUDICATA—ORDER OF PROBATE COURT RECOGNIZ-
ING TRUST PROVISION OF WILL MAY NOT BE COLLATERALLY AT-
TACKED.

> An order of the probate court which recognized the valid-
> ity of a trust provision in a will by assigning the residue
> of the estate to the trustee named therein, from which no
> appeal was taken, is conclusive, and may not be collaterally
> attacked by suit to construe the will.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 17, 1928. (Docket No. 95.) Decided April 3, 1928.

Bill by Fred P. Harvey against the Security Trust Company for a construction of the last will of Mary E. Harvey, deceased. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Frederic T. Harward,* for plaintiff.

*Stevenson, Butzel, Eaman & Long* (*Charles A. Wagner,* of counsel), for defendant.

CLARK, J. The bill praying construction of a paragraph of the will of Mary E. Harvey, filed against defendant as trustee, was dismissed and plaintiff has appealed.

After making a number of bequests, chiefly of money and jewels, testatrix devised and bequeathed the residue of her estate to Security Trust Company of Detroit in trust for certain purposes, among them the paragraph in question, which we quote:

"My trustee shall then divide the residue of said trust property into three (3) equal shares or portions.

Judgments, 34 C. J. §§ 824, 1286.

One (1) of said shares shall be forthwith paid and delivered by my trustee to my daughter, Bessie M. Harvey Swartwout.    One (1) of said shares shall be forthwith paid and delivered by my trustee to my daughter, Marguerite L. Harvey.    The remaining one-third (1/3) share of said trust property I direct my trustee, for personal reasons, to hold for the use and benefit of my son, Fred P. Harvey, under the terms and conditions herein set forth.    My trustee shall pay to my said son, in reasonable instalments, the entire net income from his said share of said trust property for and during the period of his natural life; provided, however, that if my said son shall be divorced from his present wife, Georgia Harvey, or in the event that she should predecease him, I direct my trustee, upon being furnished with reasonable proof of the existence of either of said conditions, to forthwith pay and deliver to my said son the entire residue of his share of said trust estate."

The reference to divorce is challenged as void because against public policy.

The will was admitted to probate and the estate administered thereunder.    Finally, on July 24, 1924, the following order was made and entered in the cause in the probate court:

"This day having been appointed for the examination and allowance of the final account of the Security Trust Company, executor of the last will and testament of said deceased, and for hearing its petition praying that the residue of said estate be assigned to the Security Trust Company as trustee of said estate; due notice of the hearing thereof having been given as directed by this court; upon examination:

"It is ordered that said account be and the same is hereby allowed as therein stated.    And it further appearing that the debts and legacies of said deceased, the funeral charges and expenses of administration have been paid in full and said estate fully administered, and that the inheritance tax due the State of Michigan from said estate has been full paid:

"It is further ordered that the residue of said estate be and the same is hereby assigned to the said Security

Trust Company, trustee of said estate, in accordance with the provisions of said will." * * *

No appeal from the order was taken. This bill was filed nearly a year later. The shares of the daughters have been turned over to them. The trustee retains under the will and the appointment the share of plaintiff and is paying to him the income.

Plaintiff contends that there is no trust, that the provision respecting trust of his share is void and that the bequest is his in law free from condition. This is not a case of uncertainty or ambiguity of language in which advice of the court is sought. The bill challenges directly the very existence of a trust and indirectly the validity of the order of the probate court. The probate court, by its order assigning residue to the trustee, recognized the existence of a valid trust and that the estate was to be disposed of according to the will "so far as such will may operate upon it." 3 Comp. Laws 1915, § 13787. The order of the probate court is in effect that the provision of the will is valid. The question has been adjudicated by the court of competent jurisdiction. Such adjudication may not be ignored. Nor is it open to collateral attack.

The statutes and cases are reviewed in *Chapin* v. *Chapin*, 229 Mich. 515, where by bill a trust was attacked as offending a statute, and it was held that the matter had been adjudicated by the probate court. The case is decisive of the question here presented. See, also, *Thompson* v. *Thompson*, 229 Mich. 526; *Raseman* v. *Raseman*, 234 Mich. 237; *Riebow* v. *Ensch*, 220 Mich. 450.

Decree affirmed, with costs to appellee.

NORTH, FELLOWS, WIEST, McDONALD and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.