SNYDER v. POTTER.

1. Judgment—Orders of Probate Court—Res Judicata—Trusts.
    Orders of probate court allowing final account of administrator, *c.t.a.*, appointing a trustee to carry out the trust provisions of the will, ordering assignment of the residue to the trustee in accordance with the will and subsequent appointment of a successor trustee, without an appeal having been taken from any of the orders involved were *res judicata* of the validity of the trust, now sought to be held invalid as unduly suspensive of the power of alienation (CL 1948, §§ 554.-14, 554.15).

2. Same—Res Judicata—Trusts—Probate Court Orders.
    Orders of probate court, made pursuant to will establishing trust requiring trustee to pay income from trusteed real estate to life tenants and distribute corpus to remaindermen upon termination of trust were *res judicata* as to portion of trust relating to remainders (CL 1948, §§ 554.14, 554.15).

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 8, 1950. (Docket No. 44, Calendar No. 44,777.) Decided September 11, 1950.

Bill by Louis W. Snyder, administrator of estate of John Neil Patterson, deceased, against Anna

References for Points in Headnotes
[1, 2] 30 Am Jur, Judgments, § 178; 54 Am Jur, Trusts, § 632.

Lawrence Potter and others to construe a will. Decree dismissing bill because questions raised were *res judicata.* Plaintiff appeals. Affirmed.

*Leon H. Lewis* and *Harold O. Love,* for plaintiff.

*Voorhies, Long, Ryan & McNair,* for defendants and appellees.

DETHMERS, J. The last will and testament of Anna E. K. Patterson, admitted to probate in ancillary proceedings in the Wayne county probate court in 1932, directed the holding of certain Michigan real estate in trust for the benefit of named life tenants, the trustees to pay the income from the corpus of the trust to the life tenants and, at the termination of the life tenancies, to transfer and turn over the corpus to remaindermen. In 1933 an order was entered by the judge of probate allowing the final account of the administrator *c.t.a.,* appointing a trustee to carry out the trust provisions of the will, and ordering the assignment of the residue to the trustee in accordance with the provisions of the will. Letters of trusteeship were issued and in 1948 a successor trustee was appointed upon the petition of plaintiff's decedent. No appeals were ever taken from any of the probate court orders.

Plaintiff's bill of complaint prays that certain of the trust provisions of the will be decreed to be void "as unduly suspensive of the right of alienation" in violation of the statute in existence at testatrix's death (CL 1948, §§ 554.14, 554.15 [Stat Ann §§ 26.14, 26.15]) and, in effect, that plaintiff and others, therefore, be decreed, by virtue of the residuary clause in the will, to be the sole owners of the corpus of said trust to the exclusion of those who would take under the will if all its provisions

were valid. From decree dismissing his bill of complaint, plaintiff appeals.

Presented is the question of whether the orders of the probate court are *res judicata* of the validity of the trust. The answer must be in the affirmative. *Chapin* v. *Chapin,* 229 Mich 515; *Harvey* v. *Security Trust Co.,* 242 Mich 284; *Hay* v. *Hay,* 317 Mich 370; *Bishop* v. *Hartman,* 325 Mich 115.

Under the provisions of the will and the order assigning residue made in accord therewith, the trustee held the real estate for the purpose and owed the duty, not only of paying the income to the life tenants, but also, at the termination of the life estates, of transferring and turning over the corpus of the trust to the remaindermen. The latter was as much a function of the trust as the former. There is no merit, therefore, to plaintiff's contention that the mentioned orders of the probate court, standing as an adjudication of the validity of the trust, are not *res judicata* as to that portion of the trust relating to certain of the remainders.

Decree affirmed, with costs to the defendants who are appellees.

Boyles, C. J., and Reid, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.