BURNETT *v.* GOODYEAR.

1. JUDGMENT—RES JUDICATA.

 An adjudication in one proceeding justifies dismissal of bill in
 equity for an adjudication as to the same subject matter
 in subsequent suit between the same parties or their privies
 on ground of *res judicata.*

2. SAME—PROBATE COURT ORDER—CONSTRUCTION OF WILL—RES JU-
 DICATA.

 Unappealed amended order of probate court assigning residue
 of testator's estate which specifically assigned to widow real
 estate mentioned in paragraph of will of which plaintiff's
 herein, the legal representatives of testator's son, seek to con-
 strue, constituted a construction of such paragraph and an
 adjudication justifying dismissal of plaintiffs' bill as to such
 real estate on the ground of *res judicata,* where the son was
 a party to the probate proceedings.

3. SAME—PROBATE COURT ORDERS—RES JUDICATA—COLLATERAL AT-
 TACK.

 The orders of probate courts disposing of estates have the force
 and effect of judgments in courts of record, are *res judicata*
 of the matters therein disposed of, and therefore may not be
 collaterally attacked; a special petition for the construction
 of a will being unnecessary.

4. WILLS—CONSTRUCTION—ASSIGNMENT OF RESIDUE—JUDGMENT.

 An assignment of residue of testator's estate; pursuant to con-
 struction of the will by the probate court, is valid and bind-
 ing as a construction of the will, if properly entered and
 not appealed from.

5. SAME—CONSTRUCTION—TITLE OF PERSONALTY.

 Unqualified title to personalty, mentioned in paragraph of will
 which plaintiffs seek to have construed, passed to testator's

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 30 Am Jur, Judgments, §§ 163, 215.
[3] 30 Am Jur, Judgments, § 5.
[7, 8] 57 Am Jur, Wills, § 1124.
[9] 3 Am Jur, Appeal and Error, § 823.

widow, where all parties have treated the disposition of the personalty the same as the realty therein, where probate court's unappealed amended order assigning residue specifically assigned the real estate to the widow and it appears from such paragraph that no other conclusion is tenable.

6. SAME—BILL TO CONSTRUE—RES JUDICATA.

Terms of will and any previous relevant adjudication thereof appearing in record are material and proper for consideration in passing upon defendant's motion to dismiss bill to construe the will and for an accounting, providing they do not conflict with proper allegations of fact in the bill, where the bill includes a quotation from the will of matter sought to be construed.

7. SAME—CONSTRUCTION—PERSONALTY.

Dismissal of bill to construe will of testator, an experienced attorney, was proper, where, as a matter of law, it appears from the will he intended to and did bequeath to his wife the absolute title to personalty involved in instant suit seeking an accounting as to such personalty.

8. SAME—CONSTRUCTION.

There is no occasion for the application of technical rules of construction of a will if the intent of the testator is expressed in clear and unambiguous language.

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ESTOPPEL.

Merits of claim of estoppel because party to whom plaintiffs are privy took an inconsistent position in previous litigation are not passed upon, where relief is denied as a·matter of law in construing the will and on ground of *res judicata*.

Appeal from Barry; Cash (Paul R.), J., presiding. Submitted October 12, 1950. (Docket No. 18, Calendar No. 44,759.) Decided December 5, 1950.

Bill by P. G. Burnett and Gladys P. Colgrove, executor and executrix of will of Lawrence E. Colgrove, deceased, against David S. Goodyear, individually and as executor of last will of Carrie G. Colgrove, deceased, to construe will of Philip T. Colgrove, deceased. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Mitts & Smith* (*Butzel, Levin, Winston, Young-john & Quint,* of counsel), for plaintiffs.

*Butterfield, Amberg, Law & Buchen* and *Niel A. Weathers,* for defendant.

North, J. By their bill of complaint plaintiffs seek a decree construing the fifth paragraph of the will of Philip T. Colgrove, deceased. Defendant's motion to dismiss was granted. Plaintiffs, as executor and executrix of the will of Lawrence E. Colgrove, have appealed.

Under plaintiffs' contention in the instant case Lawrence E. Colgrove, a son of Philip T. Colgrove, became the sole devisee of the Philip T. Colgrove estate, subject however to certain rights of Philip's widow, Carrie G. Colgrove, and also certain other testamentary provisions in Philip T. Colgrove's will which are not material here. In the accompanying footnote* we quote in full paragraph 5 of Philip T.

---

* "Fifth, To my wife, Carrie G. Colgrove, I give, devise and bequeath the home and 4 lots we now live upon at the corner of Green and Washington street, described as lots Nos. 836–837–867–868 of the city of Hastings, together with the contents of the home of every name, nature, kind and description, including my private library together with automobiles and other personal property. It being understood and agreed between my wife, Carrie G. Colgrove, and myself, that the home, in the event she survives me, is to remain undisturbed during her life time and that she is to have the absolute title to the property, and to sell or dispose of the home and lots, or any of them, and if she shall so desire to rebuild a smaller home on one of the back lots, but that at the death of my said wife, she has promised and agreed to carry out my wishes that the library shall be given to my daughter, Mabel C. Stebbins and my son Lawrence E. Colgrove, and all of the household goods except such goods and furnishings as came from her girlhood home shall be given in equal shares to my 2 children, Mabel C. Stebbins and Lawrence E. Colgrove; and that in the event she shall survive me that she shall make her will conveying to my 2 children the homestead and lots we now occupy and the personal property herein named.

"This latter clause is only explanatory and in no way to interfere with her title to the home, the real estate and the personal property in connection therewith, as I have implicit faith and confidence that in the event she survives me, her will will be made immediately in accordance with this understanding.

Colgrove's will.  He died in 1930 and his will was probated.  His widow, Carrie G. Colgrove, who died on July 19, 1947, elected to take under the terms of her husband's will in lieu of her statutory rights. By her will, which was admitted to probate, Carrie G. Colgrove left, with certain exceptions not material to decision, the property involved in the instant suit to the defendant herein, David S. Goodyear. Lawrence E. Colgrove died testate on the 10th day of February, 1949.  Representatives of his estate in this suit seek a construction of the pertinent portion of the will of Philip T. Colgrove that in effect would vest title in the estate of Lawrence E. Colgrove to the property which Carrie G. Colgrove bequeathed to defendant David S. Goodyear.  It should be noted that 2 of the 4 lots bequeathed by Philip T. Colgrove to his wife were sold and conveyed by her. Other matters pertinent to the factual background of the instant case appear quite fully in our opinion in *Colgrove* v. *Goodyear,* 325 Mich 127 (10 ALR2d 1029), to which we shall refer as the *Goodyear Case.*

Decision herein turns on whether plaintiffs are entitled to a decree construing the fifth paragraph of Philip T. Colgrove's will, or whether, for reasons assigned in support of defendant's motion to dismiss plaintiffs' bill of complaint, plaintiffs are not entitled in this suit to have that portion of Philip T. Colgrove's will construed.  By their bill of complaint plaintiffs contend that the fifth paragraph of Philip T. Colgrove's will should be so construed that they would take under the will on 1 of 3 grounds:  (1) That under the fifth paragraph of Philip T. Colgrove's will his widow, Carrie G. Colgrove, took

"I do hereby direct my executors hereinafter named to pay to my wife, Carrie G. Colgrove, the sum of $250, the first of each and every month during her life time, and that this my fifth bequest be accepted by my wife in lieu of dower and all statutory rights in my estate except such as is bequeathed to her under the terms of this will."

only a life estate, not the absolute ownership of the property as defendant herein asserts; (2) that under the fifth paragraph of Philip T. Colgrove's will Carrie G. Colgrove took the real estate and personal property therein described only as a trustee and for the benefit of Lawrence E. Colgrove and his sister, Mabel Colgrove (Stebbins);* and (3) that the fifth paragraph of Philip T. Colgrove's will imposed a condition upon any devise to his widow, Carrie G. Colgrove, to the effect that she would accept such devise subject to her obligation to make a will whereby the property on the death of Carrie G. Colgrove would be left to Lawrence E. Colgrove and his sister, Mabel Colgrove.

In support of his motion to dismiss, defendant contends that the allegations of the bill of complaint are insufficient to justify recovery by plaintiffs on any of the 3 grounds just above noted; that plaintiffs' cause of action is barred by the decision in the *Goodyear Case, supra;* and that by the former suit Lawrence E. Colgrove, and subsequently the representatives of his estate, made an election of remedy inconsistent with that sought in the instant case and hence have waived and are now estopped from successfully asserting their claims in the instant suit. Defendant's motion concludes as follows:

"This motion is based upon the files and records of this cause, upon the files, records and briefs in the case of *Lawrence E. Colgrove* v. *David S. Goodyear,* previously heard and decided in this court, Chancery No. 1957, and thence appealed to and affirmed by the Supreme Court of Michigan, · *  *  * and upon the affidavit of Julius H. Amberg annexed hereto."

---

* In consequence of Mabel Colgrove's subsequent death any interest she might have had under the fifth paragraph of the will of her father, Philip T. Colgrove, vested in her brother, Lawrence E. Colgrove.

Further, in the instant case the parties entered into a stipulation:

"That the files and records of the case of Lawrence *E. Colgrove* v. *David S. Goodyear,* * * * in the circuit court for the county of Barry, in chancery, No. 1957, and the briefs and letters in the nature of briefs submitted to said circuit court, and the record and briefs on appeal of said case to the Supreme Court of the State of Michigan, Calendar No. 44,344, may be tendered in evidence upon the defendant's motion herein to dismiss said cause; * * * provided that such records, briefs, files, or other documents, or copies thereof, shall not be otherwise objectionable, counsel hereby expressly reserving the right to object to the admission of any such documents or files on grounds of materiality, or relevancy to the issues presented on said motion."

We do not find in the instant record that any objection was made incident to the documents referred to in the above stipulation or to the subject matter of the Amberg affidavit at the time of the hearing on the motion to dismiss. Plaintiffs herein, as representatives of his estate, stand in the shoes of Lawrence E. Colgrove, who instituted the suit in the *Goodyear Case, supra.* Hence it becomes of first importance to determine whether in prior litigation between these parties there was an adjudication adverse to plaintiffs herein of the proper construction of paragraph 5 of Philip T. Colgrove's will, because if such is the fact dismissal in the circuit court of plaintiffs' suit on defendant's motion should be sustained on the ground of *res judicata.* As bearing upon this issue, particularly as to the real estate involved, we note the following.

Incident to probating the will of Philip T. Colgrove the executors were discharged and on or about December 2, 1930, an order of distribution and assignment of the assets of his estate was made. But

through inadvertence the probate court "failed to assign" the real estate. In consequence an amended order assigning the residue of the Philip T. Colgrove estate was entered in the probate court January 30, 1931, from which we quote:

## "AMENDED ORDER ASSIGNING RESIDUE

"It further appearing that said deceased, by his last will and testament, gave the above described real estate (which included that involved in the instant case) to his wife Carrie G. Colgrove as shown by paragraph 'Fifth' of said will.

"It further appearing that the original order assigning residue in said estate * * * failed to assign the hereinbefore described parcel of land to the said Carrie G. Colgrove wife of said deceased,

*    *    *

"IT IS THEREFORE ORDERED, That the administration of said estate be and the same is hereby reopened for the sole purpose of assigning said real estate to the said Carrie G. Colgrove.

"IT IS FURTHER ORDERED, That the said real estate hereinbefore described be and the same is hereby assigned to the said Carrie G. Colgrove according to the terms of the will of said deceased."

It seems too clear for argument that the foregoing order of assignment was intended to and did construe paragraph 5 of the will as vesting title in fee to the described real estate in Carrie G. Colgrove. In point of law that construction was correct. *Killefer* v. *Bassett*, 146 Mich 1; *Hawley* v. *Grand Rapids Trust Co.*, 267 Mich 232; *Withey* v. *First State & Savings Bank of Holly*, 271 Mich 549. And plaintiffs' decedent, Lawrence E. Colgrove, in seeking specific performance in the *Goodyear Case, supra,* so construed the fifth paragraph of the Philip T. Colgrove will. He was a party to the probate proceedings in which the above order was entered. No

appeal was taken from the amended order assigning the real estate. That order constituted an adjudication of the construction of paragraph 5 of the will of Philip T. Colgrove, insofar as it pertained to the real estate described therein. It follows that plaintiffs in the instant case cannot obtain a readjudication of the pertinent portion of paragraph 5 of Philip T. Colgrove's will. As to the real property the amended order of distribution in the probate court constitutes *res judicata*.

"The orders of probate courts disposing of estates have the force and effect of judgments in courts of record, are *res judicata* of the matters therein disposed of, and therefore may not be collaterally attacked." *Chapin* v. *Chapin* (syllabus), 229 Mich 515.

"In order to properly declare the succession, the [probate] court is obviously called upon to construe the will, where the deceased died testate, and a special petition for the construction of the will is not necessary." *Calhoun* v. *Cracknell* (syllabus), 202 Mich 430.

In *Bishop* v. *Hartman,* 325 Mich 115, 126, we quoted with approval from *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich 563, the following:

" 'If, however, upon the conclusion of the probate of the estate of a testator, upon the allowance of the administrator's final account, the assignment of the residue of the property of the estate is made in accordance with the construction of the will of the deceased by the probate court, then, under such circumstances, the court having to construe the will in order to make a proper order of distribution, such order of distribution properly entered is valid and binding as a construction of the will, if not appealed from.' "

Plaintiffs in the instant suit also seek a decree requiring defendant "to account to this court for (and

deliver to plaintiffs) the contents of the dwelling located on the aforesaid real property and described in the aforesaid will of Philip T. Colgrove." We think the following is decisive of this phase of the instant case. Throughout all of this Colgrove litigation all parties involved have at all times uniformly taken the position that the property right to the personalty devised by the fifth paragraph of Philip T. Colgrove's will to Carrie G. Colgrove was of the same character and extent as that therein devised to her in the real property. And we think it appears from the wording itself of the fifth paragraph of the will, no other conclusion is tenable. Hence, in our opinion, it is a necessary inference from the record that in ordering a distribution of Philip T. Colgrove's estate, particularly the portion which passed under the fifth paragraph of his will, the probate court as to the personalty must have held, as it expressly held concerning the real property, that unqualified title to the personalty passed to Carrie G. Colgrove.

We are mindful that presently in the instant case the matter of construing the pertinent portion of Philip T. Colgrove's will is not the exact issue presented. Instead, on this appeal the sole issue is whether in granting defendant's motion to dismiss the circuit judge ruled correctly. But incident to hearing that motion the will of Philip T. Colgrove was before the circuit court and is here on this appeal. The fifth paragraph of the will is copied in full in plaintiffs' bill of complaint. Hence the terms of the will and any previous relevant adjudication thereof appearing in the record are material and proper for consideration in passing upon defendant's motion to dismiss, providing they do not conflict with proper allegations of fact in the bill of complaint. After providing in the fifth paragraph of his will: "To my wife, Carrie G. Colgrove, I give,

devise and bequeath the (real estate)  *  *  *  together with the contents of the home of every name, nature, kind and description," Philip T. Colgrove, in the same paragraph, using what we consider precatory words, recited:

"It being understood and agreed between my wife, Carrie G. Colgrove, and myself, that the home, in the event she survives me, is to remain undisturbed during her life time and that she is to have the absolute title to the property,  *  *  *  but that at the death of my said wife, she has promised and agreed to carry out my wishes that  *  *  *  she shall make her will conveying to my 2 children (the property involved in the instant case).

"This latter clause is only explanatory and in no way to interfere with her title to the home, the real estate and the personal property in connection therewith, as I · have implicit faith and confidence that in the event she survives me, her will will be made immediately in accordance with this understanding."

We think it appears as a matter of law from the above recital in Philip T. Colgrove's will that he intended to and did bequeath to his wife, Carrie G. Colgrove, absolute title to the personalty involved in the instant suit. It appears from the record that the testator was an experienced attorney. The above quoted recital from his will, which was before the circuit judge when he heard the motion to dismiss and is now before us on this appeal, is conclusive that Carrie G. Colgrove, under the will of her husband, took absolute title to the personal property here in suit; and therefore it afforded valid reason for dismissal of plaintiffs' suit insofar as it pertained to personal property.

"If the intent of the testator is expressed in clear and unambiguous language, there is no occasion for

the application of technical rules of construction." *In re Blodgett's Estate,* 197 Mich 455, 461.

Since we conclude that the foregoing is decisive of the matter before us on this appeal, we deem it not necessary to pass upon the merits of appellee's contention that since Lawrence E. Colgrove in the *Goodyear Case, supra,* took a position entirely inconsistent with that taken by the executor and the executrix of his will in the instant case, the latter are estopped from obtaining the relief herein sought.

The decretal order of the trial court dismissing plaintiffs' bill of complaint on defendant's motion is affirmed. Appellee may have costs of this Court.

BOYLES, C. J., and REID, DETHMERS, CARR, BUSH-NELL, and SHARPE, JJ., concurred.

BUTZEL, J., did not sit.