**C. Frederick COON et al., Appellants,**

**v.**

**Aileen K. HEINZMAN, Appellee.**

**No. 12851.**

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1955.

Rehearing Denied June 15, 1955.

Crain, Muggley, Hardy & Colvin, San Benito, for appellant.

Cox, Wagner, Adams & Wilson, Brownsville, Maverick, Putman & Putman, Basil H. Taylor, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a judgment wherein a Texas court construed a Michigan will in favor of appellee, Aileen K. Heinzman, by which she recovered fifteen shares of corporate stock. Appellant urges that a Michigan probate court construed the same will in 1932 so that Heinzman did not receive the stock, and that the Michigan construction is res judicata. Whether the order of the probate court of Michigan is res judicata, and, if not, whether the trial court correctly construed the will to mean that the first taker under the will received a life estate only, with remainder over to the appellee, Heinzman, are the points in the case. The Michigan law controls this case. 31 Am.Jur., Judgments, §§ 535, 536; See Note, 6 A.L.R.2d 943.

Under the Michigan law the construction of the will is res judicata. On February 16, 1932, Clara H. Coon, the wife of

Ralph Coon, died testate in Michigan. The Probate Court of Midland County, Michigan, two months later, admitted her will to probate. That will is set forth in the footnote.[1] Ralph Coon, the husband of the testatrix, was a beneficiary under the will and was named executor of her estate. On August 30, 1932, he filed an instrument in the Michigan Probate Court, which stated that the estate had been fully administered and should be finally closed. He reported that all claims, demands, and expenses had been paid and then stated:

"Your petitioner therefore prays that this statement be treated as his final account, that the administration of said estate be finally closed and that the residue of said estate be assigned to this petitioner according to the provisions of said Will, and that the said Executor and his Bondsmen be released and discharged from further liability in the premises."

Thereafter, the probate court made an order which recited that due notice of the hearing had been given, that all debts, charges, and expenses had been paid, "that all proceedings required by law for the proper administration and settlement of said estate have been taken and that there remains to be assigned to the Beneficiary under the Will of said Deceased, of a residue of the personal estate of the value of Six Hundred Dollars." The Court then ordered:

"That such residue of personal estate and real estate of which said deceased

---

1. "I, Clara H. Coon of Midland City, Midland County, Michigan, being of sound mind and memory and realizing the uncertainties of life, do hereby make, publish and declare the following to be my last will and testament as follows:

"(1) It is my desire that all my just bills be paid in full,

"(2) I give, devise and bequeath to my father James A. Lovelock of Salem, Ohio, one dollar.

"(3) I give, devise and bequeath to my beloved husband, Ralph S. Coon of Midland City, Michigan, all of my estate, both real and personal of every name and nature including stock in the Dow Chemical Company of Midland City, Michigan,

of which I may die seized, and it is my desire that if at the death of my said husband, Ralph S. Coon, there is anything held by him of the said Dow Chemical stock and Diamond Ring, that it shall go to Aileen K. Heinzman, of Akron, Ohio, a Second Cousin of mine, but if necessary the said husband, Ralph S. Coon, may use the said stock or the proceeds thereof for himself during his life.

"(4) I hereby nominate Ralph S. Coon as the sole Executor of this my last Will and Testament, hereby revoking any and all former wills by me made.

"Dated September 26th, A.D. 1930.
                    Clara H. Coon (LS)"

died seized, be and the same is hereby assigned to the said Ralph S. Coon, according to the provision of said Will, to each the following part or proportion thereof, to-wit: To the said Ralph S. Coon the whole thereof."

Ralph S. Coon, husband of the testatrix, took the stock under that order of the probate court. He later moved to Texas, where he died testate in 1952, still owning the stock. Aileen Heinzman then brought this suit and claimed the stock under the Clara Coon will. C. Frederick Coon, Executor of the Estate of Ralph S. Coon, Deceased, claimed the matter was res judicata under the judgment of the Michigan Probate Court, which assigned all the stock to Ralph S. Coon. The trial court held that the matter was not res judicata and construed the Clara Coon will to mean that Aileen K. Heinzman should now have the stock. In this the trial court erred.

■■  The order of the Probate Court of Midland County, Michigan, is a construction of the will, and the issue is now res judicata. Under the applicable Michigan law, the probate court was a "court * * * of general jurisdiction in testamentary and other probate matters, and * * * its decisions, as evidenced by its orders made, are an expression of its judgment as to all matters properly included or necessarily involved in the administration of the estate, and are binding upon all parties whose interest in the estate, in effect, make them parties to the proceeding." Scholten v. Scholten, 238 Mich. 679, 214 N.W. 320, 322. Such orders "have the force and effect of judgments in courts of record and are res judicata of the matters therein disposed of." That rule is equally applicable to orders construing a will in a decree of distribution and assignment of the property. MacKenzie v. Union Guardian Trust Co., 262 Mich. 563, 247 N.W. 914; Calhoun v. Cracknell, 202 Mich. 430, 168 N.W. 547. The conclusiveness of such a judgment is not disturbed by the fact that the former judgment reached a wrong result. Noakes v. Noakes, 290 Mich. 231, 287 N.W. 445;

Thompson v. Thompson, 229 Mich. 526, 201 N.W. 533.

■  Under the Michigan law, the probate court had jurisdiction to construe a will during the course of administration when such an issue was presented. Bank of Saginaw v. Mason, 266 Mich. 595, 254 N.W. 217; Calhoun v. Cracknell, supra; Riebow v. Ensch, 220 Mich. 450, 190 N.W. 233; Byrne v. Hume, 86 Mich. 546, 49 N.W. 576; Glover v. Reid, 80 Mich. 228, 45 N.W. 91.

Under the Michigan law, the probate court also had jurisdiction to approve the executor's final account and enter a final order without making a construction of the will. In such event the will could later be construed. In re East's Estate, 325 Mich. 352, 38 N.W.2d 889; MacKenzie v. Union Guardian Trust Co., 262 Mich. 563, 247 N. W. 914; Powell v. Pennock, 181 Mich. 588, 148 N.W. 430, 432; Farlin v. Sanborn, 161 Mich. 615, 126 N.W. 634; In re Doyle's Estate, 147 Mich. 544, 111 N.W. 165, 166; Dudley v. Gates, 124 Mich. 440, 83 N.W. 97, 86 N.W. 959.

■  Appellee and the trial court, in looking at these two lines of authority, concluded that no construction could be made unless the issue was drawn during the course of the administration, and that a final order of the probate court, in no event could be a construction of the will. But the petition for assignment filed in the Michigan proceedings and the order which recited a hearing after notice, show that the trial court did more than merely approve the final account and close the estate. It construed the will and assigned the residue to the beneficiary under the will. It did still more than that, for it ordered that the residue be assigned "to the said Ralph S. Coon, the whole thereof." This action of the Michigan Court raises the question whether it had jurisdiction to construe a will as a part of the final distribution and assignment of the residue of the estate. The court had that power. Burnett v. Goodyear, 329 Mich. 214, 45 N.W.2d 41; Bishop v. Hartman, 325 Mich. 115, 37 N.W.2d 885, 890; Noakes

v. Noakes, 290 Mich. 231, 287 N.W. 445; Harvey v. Security Trust Co., 242 Mich. 284, 218 N.W. 679; In re Lyon's Estate, 229 Mich. 80, 201 N.W. 213, 214; Calhoun v. Cracknell, 202 Mich. 430, 168 N.W. 547.

■ Several Michigan cases with similar orders have been held conclusive on the matter of construction of a will. The order of assignment in Noakes v. Noakes, 290 Mich. 231, 287 N.W. 445, 447, provided:

" 'It is further ordered that the residue of said estate, consisting of personal property, be and the same is hereby assigned to Joseph Austin Noakes, son of said deceased and the sole residuary legatee in accordance with the provisions of the said will.' "

The order of assignment in Harvey v. Security Trust Co., 242 Mich. 284, 218 N.W. 679, also held the will construction was res judicata, and it provided:

" 'And it further appearing that the debts and legacies of said deceased, the funeral charges, and expenses of administration have been paid in full and said estate fully administered, and that the inheritance tax due the state of Michigan from said estate has been fully paid, it is further ordered that the residue of said estate be, and the same is hereby, assigned to the said Security Trust Company, trustee of said estate, in accordance with the provisions of said will.' "

The order of assignment in Calhoun v. Cracknell, 202 Mich. 430, 168 N.W. 547, was held res judicata, and it provided:

" 'And it is further ordered and decreed that all of the real estate and personal property of the said estate be, and the same is hereby, assigned absolutely to the said Sarah J. Cracknell under the will, except the sum of $1,-000, which is assigned to the said Sarah J. Cracknell, to have the use and control thereof during her life, and at her decease to go absolutely to Maybel Leslie Cracknell if she be then living, and upon the said Sarah J. Cracknell's placing the said $1,000 under the control of this court, or giving satisfactory bond therefor, said estate, both real and personal, shall be relieved from and free from any charge on account of said $1,000.' "

In addition to those precedents, which under very similar circumstances held that the will was construed to include the entirety of personal property, the word "whole" used in the order of the Michigan Probate Court was used without any limiting or explanatory words, and it is a word of clear meaning. It means all, total and entirely. 68 C.J., Whole, 259.

Since the will in question has already been construed to mean that Ralph S. Coon, the decedent, received all the stock in question, the judgment is reversed and rendered that appellee, Heinzman, recover nothing.